[Crim. No. 18717. First Dist., Div. Three. Dec. 14, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES WILLIAM ZIMMERMAN, Defendant and Appellant.

## COUNSEL

Patrick R. Murphy, Public Defender, and David C. Coleman III, Deputy Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Clifford K. Thompson, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WHITE, P. J.**—Defendant and appellant James William Zimmerman appeals from the order modifying his probation.* Appellant contends on appeal that evidence which has been illegally seized may not be used to modify probation.

As a result of a conviction in the Superior Court of Contra Costa County on July 14, 1976, for robbery and assault with a deadly weapon,

---

*An order modifying probation is appealable under Penal Code section 1237, subdivision 2 as an order made after judgment which affects the substantial rights of the party.

appellant was placed on three years probation. One condition of probation was that appellant obey all laws. On March 25, 1978, appellant was stopped and detained by Santa Clara County sheriff's officers. In the course of a search of appellant a pistol and three cubes of LSD were found on his person. Appellant was arrested and a felony complaint was filed in the Palo Alto/Mountain View Judicial District of Santa Clara County charging appellant with violations of Penal Code section 12025 (carrying a concealed firearm), Health and Safety Code section 11377 (possession of LSD) and Penal Code section 12031 (carrying a loaded firearm in a public place, misdemeanor). At the preliminary hearing on the charges, appellant's suppression motion pursuant to Penal Code section 1538.5 was granted and the charges were thereafter dismissed.

On March 29, 1978, a petition for the modification or revocation of appellant's probation was filed in the Superior Court of Contra Costa County. The violation alleged was the possession of the gun and LSD cubes, evidence which had been suppressed in the Santa Clara County action. At the June 1, 1978, hearing on the petition to revoke, appellant argued that evidence was inadmissible. On August 24, 1978, the court denied appellant's motion to exclude the evidence and found appellant in violation of his probation. The trial court in an order modified appellant's probation and fined him $400 plus a penalty assessment of $100. Appellant filed a timely notice of appeal.

■ Appellant contends that pursuant to Penal Code section 1538.5, subdivision (d), evidence previously suppressed on grounds of illegal search or seizure may not be used to modify probation. Appellant's contention is well taken.

Recently in *People* v. *Belleci* (1979) 24 Cal.3d 879 [157 Cal.Rptr. 503, 598 P.2d 473], the California Supreme Court held that evidence which had previously been ordered suppressed could not be considered in sentencing a defendant. In *Belleci*, the court relied upon Penal Code section 1538.5, subdivision (d), which provides: "If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant *at any trial or other hearing* unless further proceedings authorized by this section or Section 1238 or Section 1466 are utilized by the people." (Italics added.) The court in *Belleci* concluded that the sentencing phase of a prosecution is a hearing. (*Id.*, at p. 883.) The court in *Belleci* held that subdivision (d) of Penal Code section 1538.5 "does

not make *all* illegally obtained evidence inadmissible 'at any trial or other hearing,' but only such evidence as has been the subject of a motion to suppress 'granted pursuant to the proceedings authorized by this section,' i.e., section 1538.5. To that extent alone, the Legislature has 'preempted' the above-stated judicial function and enacted a 'statutory exclusionary rule.'" (*Id.,* at p. 887.)

There is no question that a probation revocation hearing is a hearing within the meaning of subdivision (d) of Penal Code section 1538.5. (See *People* v. *Belleci, supra,* at p. 883.) However, since appellant's motion to suppress was granted at the preliminary hearing it is necessary to consider the first sentence of subdivision (j) of Penal Code section 1538.5, which provides: "If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return of the property or suppression of the evidence at the preliminary hearing is granted, and if the defendant is not held to answer at the preliminary hearing, the people may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing shall not be binding in any subsequent proceeding." When subdivision (j) is read with subdivision (d), it is clear that subdivision (j) means that the People may relitigate the validity of a search or seizure which was the subject of a motion to suppress at the preliminary hearing if a new complaint is filed or an indictment is filed. However, if the People do not follow either of these procedures, the People are bound by the ruling at the preliminary hearing and may not introduce the evidence at any other hearing or trial.

Accordingly, the trial court on the petition to revoke or modify probation could not consider the evidence that had been suppressed at the preliminary hearing in Santa Clara County.

The judgment (the order modifying probation) is reversed.

Scott, J., and Feinberg, J., concurred.