[No. AO21494. First Dist., Div. One. Sept. 23, 1983.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
ROBERT F. BROTHERTON, Real Party in Interest.

**COUNSEL**

Leo Himmelsbach, District Attorney, and Joseph V. Thibodeaux, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Sheldon Portman, Public Defender, and Stephen B. Elrick, Deputy Public Defender, for Real Party in Interest.

**OPINION**

**NEWSOM, J.**—The People seek a writ of mandate (Pen. Code, § 1538.5, subd. (o))[1] compelling the Santa Clara County Superior Court[2] to set aside

---

[1] Unless otherwise noted, all statutory references are to the California Penal Code.

[2] The petition was filed February 22, 1983, with the Supreme Court as it arose in the Sixth Appellate District. It was transferred to this district and refiled on March 4, 1983.

its order of January 24, 1983, granting real party Brotherton's motion to suppress evidence.

Real party is charged with a violation of section 459 (burglary), allegedly committed May 31, 1982. On August 2, 1982, respondent superior court suppressed all statements, admissions, and confessions from real party, on grounds that they were the result of an illegal entry into his residence and hence of his illegal arrest. When the People sought relief from this court (§ 1538.5, subd. (o)), the petition was summarily denied as untimely; thereafter the case against real party was dismissed upon motion of the prosecutor pursuant to section 1385.

The People filed a new and identical complaint in the municipal court (§ 1387), and real party was held to answer. He again moved to suppress the evidence in the superior court, contending that the People were barred by section 1538.5, subdivision (d) from introducing any evidence previously suppressed. The superior court granted real party's motion and the instant petition followed.

█ The People contend that section 1538.5, subdivision (d) does not bar renewed litigation of suppression issues when the People have initiated a second felony prosecution pursuant to section 1387. Alternatively, the People contend that the passage of article I, section 28, subdivision (d) of the California Constitution (Prop. 8) abrogated any statutory exclusionary rule embodied in section 1538.5, subdivision (d) as it existed on August 2, 1982, the date of the first suppression ruling.

As amended effective August 27, 1982, subdivision (d) of section 1538.5 provides: "If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section, Section 871.5, Section 1238, or Section 1466 are utilized by the people."[3] Petitioner contends that the words "any trial or other hearing" must be construed in the light of section 1387, which, as relevant to this petition, allows the prosecutor to initiate a second felony prosecution when a case has been once dismissed under section 1385.[4]

---

[3] Prior to its amendment, the subdivision made no mention of section 871.5.

[4] Section 1387 reads in its entirety: "An order terminating an action pursuant to this chapter, or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony or it is a misdemeanor charged together with a felony and the action has been previously terminated pursuant to this chapter, or Section 859b, 861, 871, or 995, or if it is a misdemeanor not charged together with a felony, except in those felony cases, or those cases where a misdemeanor is charged with a felony, where subsequent to the dismissal of the felony or misdemeanor the judge or magistrate finds that substantial new evidence has been discovered by the prosecution which would not have been known through

Thus, petitioner argues that a suppression ruling by the superior court, unchallenged by the People on appeal or by writ, is controlling *only* within the particular criminal prosecution in which it occurred. While recognizing that "[w]e are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them' . . ." (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]), petitioner asks us to follow the "'. . . settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend. . . .'" (*People* v. *Barksdale* (1972) 8 Cal.3d 320, 334 [105 Cal.Rptr. 1, 503 P.2d 257], quoting from *Bruce* v. *Gregory* (1967) 65 Cal.2d 666, 673-674 [56 Cal.Rptr. 265, 423 P.2d 193].)

A strict reading of subdivision (d), petitioner argues, would render section 1387 meaningless under some circumstances. As petitioner correctly observes "[i]f a defendant files both a Penal Code section 1538.5 motion and a Penal Code section 995 motion, the order in which the motions are heard could effectively grant or take away the People's right to refile pursuant to Penal Code section 1387."

Only a handful of cases have addressed section 1538.5, subdivision (d); none of them have discussed its relationship to section 1387.

Support for petitioner's position may be found in *People* v. *Gephart* (1979) 93 Cal.App.3d 989 [156 Cal.Rptr. 489]. There, the Court of Appeal held that the Siskiyou County Superior Court did not err when it determined it was not bound by a prior order of the Stanislaus County Superior Court granting a motion to suppress the same evidence. And in *People* v. *Williams* (1979) 89 Cal.App.3d 1026 [152 Cal.Rptr. 892] (filed three months prior to *Gephart, supra*), subdivision (d) was held not to prohibit introduction into evidence of a revolver in a robbery prosecution, despite an earlier suppression ruling involving the same weapon in a misdemeanor case.

A different result was suggested by this court, however, in *People* v. *Belknap* (1974) 41 Cal.App.3d 1019 [116 Cal.Rptr. 664], which addressed the question of whether or not subdivision (j) of section 1538.5 barred relitigation of the question of suppression of evidence upon a fresh com-

---

the exercise of due diligence at or prior to the time of termination of the action.

"However, if the previous termination was pursuant to Section 859b, 861, 871, or 995, the subsequent order terminating an action is not a bar to prosecution if either:

"(a) Good cause is shown why the preliminary examination was not held within .60 days from the date of arraignment or plea.

"(b) The motion pursuant to Section 995 was granted because of (1) present insanity of the defendant or (2) a lack of counsel after the defendant elected to represent himself rather than being represented by appointed counsel."

plaint. At that time, subdivision (j) provided in relevant part: "If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return or suppression of the property or evidence at the preliminary hearing is granted, and if the defendant is held to answer at the preliminary hearing, the ruling at the preliminary hearing shall be binding upon the people unless, upon notice to the defendant and the court in which the preliminary hearing was held and upon the filing of an information, the people within 10 days after the preliminary hearing request in the superior court a special hearing . . . ." In *Belknap,* the defendant had been discharged on a marijuana offense, but held to answer for possession of amphetamines for sale. Certain evidence, consisting of a quantity of amphetamines and marijuana, had been ordered suppressed at the preliminary hearing. The people did not timely seek de novo review of the ruling in the superior court but instead moved to dismiss the information and filed a new complaint charging both offenses. The *Belknap* court held the prior suppression ruling to be binding, noting that any other reading of subdivision (j) would conflict with subdivision (d).

A prior suppression order was again found binding by Division Three of this court in *People* v. *Zimmerman* (1979) 100 Cal.App.3d 673 [161 Cal.Rptr. 188]. There, evidence previously suppressed at a preliminary hearing in Santa Clara County was used in a Contra Costa County felony probation revocation hearing, despite the fact that the Santa Clara County charges had been dismissed and the prosecutor had neither appealed, refiled, nor sought an indictment. (§ 1538.5, subd. (j).) The *Zimmerman* court read subdivision (j) in conjunction with subdivision (d) and, relying on *People* v. *Belleci* (1979) 24 Cal.3d 879 [157 Cal.Rptr. 503, 598 P.2d 473], reversed the probation modification order. The opinion makes no mention of *Gephart, supra,* or *Williams, supra.*

*People* v. *Belleci* was decided by our Supreme Court two months after it denied hearing in *Gephart.* The defendant in *Belleci* had been charged in a single information with two unrelated counts of possession for sale of phencyclidine. Following a timely motion, the trial court suppressed the evidence on the second count of the information; the prosecutor did not seek to review the ruling and hence the count was dismissed. Subsequently, the defendant pleaded guilty to the remaining count. Over the defendant's objection, the presentence report not only set forth the evidence on the dismissed count, but drew adverse inferences from it, recommending that probation be denied. The defendant, sentenced to state prison, appealed. The Supreme Court, viewing the sentencing as a "hearing" within the meaning of subdivision (d) of section 1538.5, reversed. In doing so, the court followed the "plain meaning" of the statute, observing: "First, the broad goal of the Legislature in enacting section 1538.5 was to provide an orderly and

unified procedure for (1) making pretrial challenges to the admission of evidence on the ground that it was the product of an unconstitutional search or seizure and (2) obtaining prompt appellate review of the rulings of the lower courts on such challenges. (See 22 Assem. Interim Com. Rep. (1965-1967) No. 12, Search and Seizure, pp. 13-22, 2 Appen. to Assem. J. (1967 Reg. Sess.); [citations].) It in no way frustrates that purpose to provide that the corollary of a successful motion to suppress shall be to bar the People from thereafter introducing the illegal evidence either at the trial or, if the defendant is convicted, at his sentencing hearing. On the contrary, it *would* effectively nullify the statutory intent if, after the defendant secured a court order suppressing such evidence and the People failed to seek appellate review, the prosecution were nevertheless allowed to use that same evidence against him in subsequent proceedings: although the legislation is procedural in nature, its elaborate mechanism would obviously be superfluous if the result of invoking it were such a Pyrrhic victory." (*Belleci, supra,* 24 Cal.3d 879, 884-885.)

*Belleci,* notably, makes no mention of *Gephart, supra,* or *Williams, supra.* And, as "cases are not authority for propositions not considered therein" (*Metcalf* v. *County of Los Angeles* (1944) 24 Cal.2d 267, 273 [148 Cal.Rptr. 645]), we need not read *Belleci* as broadly as did the court in *Zimmerman,* and are free to reconsider our earlier decision in *Belknap, supra.*

The history of section 1538.5 and settled principles of statutory construction persuade us, however, that our earlier reading of subdivision (d) (in *Belknap*) is accurate. *Belleci* traced the history of subdivision (d) in some detail: "The first version of the legislation that became section 1538.5 was Assembly Bill No. 1651 (1965 Reg. Sess.), introduced by then-Assemblyman Deukmejian. The bill provided in relevant part that 'If the motion [to suppress] is granted, the property shall be restored, unless otherwise subject to lawful detention, and it shall not be admissible in evidence against the movant at any trial.' Assembly Bill No. 1651 was not enacted in that session, and the matter was referred to the Assembly Interim Committee on Criminal Procedure for study.

"At the next session of the Legislature a substantially similar proposal was introduced as Senate Bill No. 88 by then-Senator Deukmejian and others. In its original form (Jan. 19, 1967) subdivision (c) of section 1538.5 included a sentence identical to that quoted above from Assembly Bill No. 1651, with the addition of the clause 'unless further proceedings authorized by law are utilized by the people.' On March 13, 1967, the sentence was amended to substitute 'the evidence' for the word 'it.' In a substantial reorganization of the statute on July 5 the two parts of the sentence were

separated: the directive to return the property to the defendant was placed in a new subdivision (e), and the prohibition against use of the evidence at trial became new subdivision (d): at the same time the latter provision was slightly reworded to read, 'If a search or seizure motion is granted, the property or evidence shall not be admissible against the movant at any trial unless further proceedings authorized by this section are utilized by the people.'

"The amendment process continued in normal fashion. On July 13 subdivision (d) was again amended to add the words 'or Section 1238'; on July 21 it was amended to add 'pursuant to the proceedings authorized by this section' and 'or Section 1466'; and on July 26 it was amended to add 'or other hearing.'" (*Belleci, supra,* 24 Cal.3d 879, 885-886, fn. 4.)

Section 1538.5 has been amended twice since this court's opinion in *Belknap,* and once since *Zimmerman,* yet no change has been made in the language "shall not be admissible against the movant at any trial or other hearing. . . ." Subdivision (e) continues its directive to return the property to the defendant.

 "It is a well-recognized rule of construction that after the courts have construed the meaning of any particular word, or expression, and the legislature subsequently undertakes to use these exact words in the same connection, the presumption is almost irresistible that it used them in the precise and technical sense which had been placed upon them by the courts." (*City of Long Beach* v. *Payne* (1935) 3 Cal.2d 184, 191 [44 P.2d 305]; and see *In re Jeanice D.* (1980) 28 Cal.3d 210, 216 [168 Cal.Rptr. 455, 617 P.2d 1087].)

 Moreover, it is axiomatic that statutory language reasonably susceptible of different interpretations must be given the construction more favorable to the defendant. (*People* v. *Belleci, supra,* 24 Cal.3d 879, 886.)

 We therefore hold that where, as here, the prosecution fails to pursue available appellate remedies following a superior court's order granting a motion to suppress evidence, section 1538.5, subdivision (d) will preclude relitigation of the suppression issues upon a subsequent filing in the same county of the identical charges pursuant to section 1387. We limit our holding to the facts of this case, and express no opinion concerning the applicability of subdivision (d) to different factual and procedural circumstances. (Cf. *People* v. *Gephart, supra*; *People* v. *Williams, supra.*)[5]

---

[5]We note that a prosecutor confronted, for example, with witness problems at a suppression hearing is not without remedy under our holding. The prosecutor may, of course, dismiss the case prior to a ruling on the suppression motion without triggering the rule announced in subdivision (d).

There remains for discussion petitioner's contention that passage by the electorate of article I, section 28, subdivision (d) abrogated any statutory exclusionary rule formerly embodied in section 1538.5, subdivision (d). We need and do not decide whether petitioner's contention is correct. Since real party is alleged to have committed burglary on May 31, 1982, Proposition 8 is inapplicable to this case. (*People* v. *Smith* (1983) 34 Cal.3d 251 [193 Cal.Rptr. 692, 667 P.2d 149].)

The alternative writ is discharged and the petition is denied.

Racanelli, P. J., concurred.

**HOLMDAHL, J.**—I dissent. As cited by the majority, Court of Appeal decisions related to the question before us are about evenly divided.

The Supreme Court in *People* v. *Belleci* (1979) 24 Cal.3d 879 [157 Cal.Rptr. 503, 598 P.2d 473], was concerned only with a later sentencing hearing within the same criminal prosecution. Arguably its reasoning applies to a later, separate prosecution against the same defendant after a refiling. Arguably also, however, its reasoning is not to be extended to such other prosecutions, a result consistent with the somewhat earlier cases of *People* v. *Gephart* (1979) 93 Cal.App.3d 989 [156 Cal.Rptr. 489] and *People* v. *Williams* (1979) 89 Cal.App.3d 1026 [152 Cal.Rptr. 892].

I consider my colleagues' dual-county distinction concerning *Gephart* to be artificial in relation to the fundamental principle involved. Further, to the extent one can puzzle out legislative intent in reconciling Penal Code sections 1538.5, subdivision (d), and 1387, I think the plain meaning of the latter authorizes a second prosecution. Any other interpretation renders meaningless its "bar to any other prosecution" *after* an "action has been previously terminated pursuant to this chapter . . . ."

A statutory scheme giving the prosecution a "second shot" under such circumstances may superficially appear unfair or unnecessary. Its rationale, however, is well described in *Gephart*'s analysis of an accused's "seven opportunities" and the People's "several opportunities." (*People* v. *Gephart, supra,* 93 Cal.App.3d 989, 995-996.)

I would grant the petition.

Petitioner's application for a hearing by the Supreme Court was denied November 25, 1983. Richardson, J., was of the opinion that the application should be granted.