[No. S025973. Dec. 17, 1992.]

KURT FRANCIS SCHLICK, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Howard M. Van Elgort for Petitioner.

Stuart R. Rappaport, Public Defender (Santa Clara) and Stephen B. Elrick, Deputy Public Defender, as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Dennis Kottmeier, District Attorney, and Joseph A. Burns, Deputy District Attorney, for Real Party in Interest.

Michael R. Capizzi, District Attorney (Orange), Maurice L. Evans, Chief Assistant District Attorney, Wallace J. Wade, Assistant District Attorney, and Kathleen M. Harper, Deputy District Attorney, as Amici Curiae on behalf of Real Party in Interest.

## OPINION

LUCAS, C. J.—

### INTRODUCTION

Petitioner, charged with three drug-related offenses, successfully moved in superior court, prior to trial, to suppress evidence seized during a search by law enforcement officers. (See Pen. Code, § 1538.5, subd. (f); further statutory citations are to this code.) Rather than seek appellate review of the adverse decision (see *id.*, subds. (j), (o)), the People obtained a dismissal of the proceeding and refiled identical charges in a second complaint (see §§ 1385, 1387). Despite the dismissal and refiling, we conclude the People remained bound by the court's prior ruling granting petitioner's motion to suppress. (See § 1538.5, subd. (d).)

### FACTS

On March 5, 1990, the People filed an information in San Bernardino County Superior Court charging petitioner with three drug-related felony offenses. On June 1, 1990, petitioner moved the court under section 1538.5, subdivision (f), to suppress certain evidence obtained by law enforcement officers during execution of a search warrant. The court (McGuire, J.) granted the motion. After the People unsuccessfully sought reconsideration of its suppression ruling, they elected not to seek appellate review of this ruling.

Thereafter, on July 3, 1990, the People requested and obtained a dismissal of the charges "in furtherance of justice." (§ 1385.) On September 6, 1990, the People filed a second complaint in San Bernardino County Superior Court alleging identical drug charges. Petitioner was held to answer and, following his arraignment on October 10, 1990, he moved in superior court to suppress the evidence previously ordered suppressed by that court. During the hearing on the motion, petitioner argued that the People were bound by the earlier ruling despite the dismissal and refiling of the same drug charges. The court (Hodge, J.) denied the motion.

Thereafter, petitioner sought mandate in the Court of Appeal, which concluded that "the People's failure to pursue their statutory remedies following the order suppressing evidence in the first case bars the use of that evidence here." As will appear, we agree.

### DISCUSSION

Under section 1538.5, a defendant has various opportunities to move to suppress evidence obtained as a result of an allegedly unlawful search or

seizure. In felony cases initiated by complaint, the motion may be made in the superior court upon the filing of the information, or in the municipal court at the preliminary hearing. (§ 1538.5, subd. (f).) As previously noted, in the present case, petitioner filed both motions in superior court.

If, as here, a motion to suppress is granted, "the property or evidence shall not be admissible against the movant *at any trial or other hearing* unless further proceedings authorized by this section [or other specified review procedures] are utilized by the people." (§ 1538.5, subd. (d), italics added.) The review procedures available to the People include a timely petition for mandate or prohibition seeking appellate review of the suppression ruling. (*Id.*, subd. (o).)

Section 1385 permits the judge or magistrate, either sua sponte or on application of the People, and in furtherance of justice, to dismiss an action. Under section 1387, and subject to exceptions not pertinent here, an order of dismissal under section 1385 (as well as similar orders under other specified provisions) is a bar to further prosecution for the same felony offense if the action has been previously dismissed or terminated under those provisions. In other words, the People are given one "free" dismissal before the statutory bar to prosecution takes effect.

■ The question before us is whether subdivision (d) of section 1538.5 was intended to bar the suppressed evidence at a subsequent trial or hearing of identical charges filed following an initial dismissal under section 1385. A conflict between decisions of the Court of Appeal regarding this question led us to grant review in the present case. (Compare *People* v. *Methey* (1991) 227 Cal.App.3d 349 [277 Cal.Rptr. 777] [hereafter *Methey*], with *People* v. *Superior Court* (*Brotherton*) (1983) 147 Cal.App.3d 281 [195 Cal.Rptr. 96] [hereafter *Brotherton*]; see also *People* v. *Workman* (1989) 209 Cal.App.3d 687, 698 [257 Cal.Rptr. 753] [criticizing *Brotherton*].)

In *Brotherton*, the defendant successfully moved in superior court prior to trial to suppress evidence obtained during an unlawful entry and arrest. The People's application for appellate review under section 1538.5, subdivision (o), was denied as untimely. Accordingly, the People obtained a dismissal under section 1385 and refiled a new and identical complaint in municipal court. The defendant renewed his motion to suppress in superior court, and that court granted the motion pursuant to section 1538.5, subdivision (d).

In affirming the superior court's order, *Brotherton* reviewed both prior appellate decisions and legislative history. Although some cases appeared to

support the People's position (see *People* v. *Gephart* (1979) 93 Cal.App.3d 989 [156 Cal.Rptr. 489]; *People* v. *Williams* (1979) 89 Cal.App.3d 1026 [152 Cal.Rptr. 892]), *Brotherton* distinguished those cases as involving either multiple-county prosecutions (*Gephart*) or nonidentical charges (*Gephart*, *Williams*). Moreover, *Brotherton* noted other appellate decisions supporting the defendant's position. (See *People* v. *Zimmerman* (1979) 100 Cal.App.3d 673 [161 Cal.Rptr. 188]; *People* v. *Belknap* (1974) 41 Cal.App.3d 1019 [116 Cal.Rptr. 664]; cf. *People* v. *Belleci* (1979) 24 Cal.3d 879, 884-885 [157 Cal.Rptr. 503, 598 P.2d 473] [proscribing references in presentencing report to evidence previously ordered suppressed].)

*Brotherton* quoted our observation in *People* v. *Belleci, supra,* 24 Cal.3d at pages 884-885, that the Legislature's intent to provide, through section 1538.5, an "orderly and unified procedure" for resolving and reviewing suppression issues would be nullified if the prosecution were permitted to use "in subsequent proceedings" evidence previously ordered suppressed. (*Brotherton, supra,* 147 Cal.App.3d at pp. 285-286.) *Brotherton* also noted that the Legislature had amended section 1538.5 following the filing of *People* v. *Zimmerman, supra,* 100 Cal.App.3d 673, thereby impliedly approving its interpretation of that section. (*Brotherton, supra,* at p. 287.)

The *Brotherton* majority concluded that "where, as here, the prosecution fails to pursue available appellate remedies following a superior court's order granting a motion to suppress evidence, section 1538.5, subdivision (d) will preclude relitigation of the suppression issues upon a subsequent filing in the same county of the identical charges pursuant to section 1387." (147 Cal.App.3d at p. 287.)

The dissenting opinion in *Brotherton* claimed that the majority's ruling "renders meaningless" the People's right to refile charges under section 1387 following a single dismissal under section 1385. (147 Cal.App.3d at p. 288 (dis. opn. of Holmdahl, J.).)

In *Methey, supra,* 227 Cal.App.3d 349, the defendant was charged with various drug offenses and moved to suppress evidence seized during his assertedly unlawful detention and/or arrest. The superior court granted the motion and, on the People's application, the proceeding was dismissed under section 1385. The People declined to seek appellate review.

Thereafter, the People refiled the identical charges and the defendant moved again to suppress the seized evidence. The motion was granted and the charges again were dismissed. The People successfully moved to reinstate the complaint (see § 871.5), and thereafter the defendant's third motion to suppress evidence was denied.

On appeal, the *Methey* court held that the language of section 1538.5, subdivision (d), prohibiting the use of suppressed evidence in "any trial or other hearing," "refers to 'any trial or hearing' arising in the charging documents then before the court." (227 Cal.App.3d at p. 356.) *Methey* acknowledged that *Brotherton* had reached a different conclusion, but reasoned that its own interpretation was "far more consistent with the general body of case law which exists on the issue of res judicata and collateral estoppel effect of prior pretrial rulings upon proper dismissals and refilings." (*Methey, supra*, 227 Cal.App.3d at pp. 356-357.)

*Methey* also believed its holding was consistent with the Legislature's broad goal in enacting section 1538.5 to provide an orderly and uniform procedure for resolving and reviewing suppression issues. *Methey* noted that under section 1538.5, subdivision (j), if a motion to suppress is granted *at the preliminary hearing*, and the defendant is not bound over for trial, the People are free to refile the charges without any collateral estoppel effect from the prior ruling. (227 Cal.App.3d at p. 357.) Under subdivision (j), "If the . . . evidence relates to a felony offense initiated by complaint and the defendant's motion for . . . suppression of the evidence at the preliminary hearing is granted, and if the defendant is not held to answer at the preliminary hearing, the people may file a new complaint . . . , *and the ruling at the prior hearing shall not be binding in any subsequent proceeding* . . . ." (Italics added.)

Thus, refiling under subdivision (j) represents an express exception to the relitigation bar imposed by section 1538.5, subdivision (d). *Methey* saw "no reason to deny collateral estoppel and res judicata effect with respect to dismissals under section 1538.5, subdivision (j), but nonetheless permit such an effect when the section 1538.5 motion has been raised for the first time in the superior court." (227 Cal.App.3d at p. 357.)

We decline to adopt *Methey*'s approach. Indeed, the relitigation bar exception in subdivision (j) of section 1538.5 furnishes an argument supporting petitioner's position herein. The Legislature in subdivision (j) made it explicit that suppression rulings by a magistrate *at the preliminary hearing* could be relitigated following a dismissal and the filing of a new complaint. The Legislature's failure to include a similar provision qualifying the broad language of section 1538.5, subdivision (d) as applied to suppression rulings by the superior court leads us to conclude the omission was deliberate, and reflects an intention to bar relitigation of those rulings.

The Court of Appeal herein, while concluding the litigation bar of section 1538.5, subdivision (d) applied here, nonetheless agreed with *Methey* that it

appears illogical to give collateral estoppel effect to the superior court's suppression ruling following a special hearing, but to withhold similar effect to the magistrate's ruling at the preliminary hearing. Yet our research leads us to conclude there is considerable logic to the legislative distinction.

The Legislature reasonably could have concluded that a superior court's ruling, following a special hearing convened for the limited purpose of resolving the suppression issues, is entitled to greater weight or dignity than a magistrate's ruling made during a hearing of considerably broader scope. (See, e.g., *People v. Uhlemann* (1973) 9 Cal.3d 662, 667-668 [108 Cal.Rptr. 657, 511 P.2d 609] [legal and practical reasons supporting rule withholding collateral estoppel effect from magistrate's order dismissing criminal action].) Indeed, as *Uhlemann* observes, at the time section 1538.5, subdivision (d), was drafted, a magistrate was not required to be a member of the bar to qualify for that position, and his rulings were subject to relitigation in superior court. (9 Cal.3d. at pp. 667-668; see *Gordon v. Justice Court* (1974) 12 Cal.3d 323, 326, & fn. 2 [115 Cal.Rptr. 632, 525 P.2d 72, 71 A.L.R.3d 551].)

We have stated that, "According to committee reports prepared prior to the enactment of section 1538.5, the intent underlying that section was to reduce the unnecessary waste of judicial time and effort involved in the prior procedures, whereby search and seizure questions could be repeatedly raised in criminal proceedings. [Citation.]" (*People v. Superior Court [Edmonds]* (1971) 4 Cal.3d 605, 610 [94 Cal.Rptr. 250, 483 P.2d 1202].) Our interpretation of section 1538.5, subdivision (d), is consistent with the foregoing description of legislative intent, precluding the People from relitigating suppression issues presumably already fully and competently litigated in superior court.

Our holding relates to cases involving the dismissal and refiling of substantially identical charges in the same county. Although we do not reach the question, we note that different considerations may apply in multi-county prosecutions, or in cases wherein new or different charges are brought. (See *People v. Torres* (1992) 6 Cal.App.4th 1324, 1330-1333 [8 Cal.Rptr.2d 332]; *People v. Gephart, supra,* 93 Cal.App.3d at pp. 999-1000.) Similarly, we leave open the question, not presented here, whether the People might be entitled to some form of relief if the dismissal and refiling of charges were necessitated by the discovery of additional evidence not reasonably discoverable at the time of the original suppression hearing.

We conclude the Court of Appeal properly issued a peremptory writ of mandate to compel the superior court to grant petitioner's suppression motion. The judgment of the Court of Appeal is affirmed.

Mosk, J., Panelli, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.