[No. H025229. Sixth Dist. Dec. 18, 2003.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
BEVERLY COOPER, Real Party in Interest.

## COUNSEL

George W. Kennedy, District Attorney, and Marilyn Masciarelli, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Jose R. Villarreal, Public Defender, Barbara B. Fargo and David Tarica, Deputy Public Defenders, for Real Party in Interest.

## OPINION

**PREMO, J.**—This original proceeding arises from a prosecution for possession of methamphetamine. It is a People's petition seeking a writ of mandate directing respondent court to vacate its order rejecting a Code of Civil Procedure section 170.6 peremptory challenge.[1] The question is whether the reasoning of *People v. Superior Court (Jimenez)* (2002) 28 Cal.4th 798 [123 Cal.Rptr.2d 31, 50 P.3d 743] (*Jimenez*), construing Penal Code section 1538.5, subdivision (p) (relitigated motions to suppress must be heard by the same judge),[2] to be an implied exception to section 170.6, compels that relitigated motions to set aside an information grounded upon review of a motion-to-suppress denial are also an implied exception to section 170.6. Our

---

[1] Code of Civil Procedure section 170.6, subdivision (1), provides: "No judge, court commissioner, or referee of any superior court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it shall be established as hereinafter provided that the judge or court commissioner is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding." "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a [petition for] writ of mandate from the appropriate court of appeal . . . ." (Code Civ. Proc., § 170.3, subd. (d).) Further statutory references to "section 170.6" are to Code of Civil Procedure section 170.6.

[2] Further unspecified statutory references are to the Penal Code, except for references to section 170.6.

answer is no. We therefore grant the People's petition and direct respondent court to vacate its order rejecting the People's peremptory challenge and enter a new order accepting it.

## LEGAL BACKGROUND

■ A criminal defendant may test the unreasonableness of a search or seizure by making a motion to suppress at the preliminary hearing and, if unsuccessful, renewing the motion in superior court if held to answer. (§ 1538.5, subd. (i).) Or, if unsuccessful at the preliminary hearing, he or she may raise the matter in superior court under the standards governing a section 995 motion. (§ 1538.5, subd. (m).)

■ In passing on a renewed motion to suppress, the defendant is entitled to review of the magistrate's legal conclusion on the suppression motion and to a de novo determination on any new evidence presented in the superior court. (§ 1538.5, subd. (i).) "In a 995 proceeding, the court merely reviews the evidence. It does not substitute its judgment as to the weight thereof or the credibility of the witnesses who testified at the hearing nor does it resolve conflicting factual contentions. [Citations.] The function is similar to that of an appellate court reviewing the sufficiency of the evidence to sustain a judgment and involves the determination of a legal issue only." (*Kohn v. Superior Court* (1966) 239 Cal.App.2d 428, 430 [48 Cal.Rptr. 832].) On appeal concerning a renewed motion to suppress, it is the de novo determination of the superior court that is reviewed; on appeal concerning a section 995 review of a motion-to-suppress denial, it is the determination of the magistrate at the preliminary hearing that is reviewed. (*People v. Sanchez* (1972) 24 Cal.App.3d 664, 690, fn. 15 [101 Cal.Rptr. 193], disapproved on another ground in *People v. Martin* (1973) 9 Cal.3d 687, 695, fn. 8 [108 Cal.Rptr. 809, 511 P.2d 1161].)

■ When a felony case is dismissed pursuant to section 1385 (dismissal in furtherance of justice) because a magistrate or the superior court has granted a motion to suppress evidence under section 1538.5, making the evidence insufficient, the People may refile the case and relitigate the suppression motion. (§ 1538.5, subd. (j).) But the defendant's subsequent motion to suppress "shall be heard by the same judge who granted the motion at the first hearing if the judge is available." (*Id.*, subd. (p).) And the People may not make that judge unavailable by exercising a peremptory challenge. (*Jimenez, supra*, 28 Cal.4th 798.)

■ When an indictment or information is set aside pursuant to section 995 (the defendant has been committed without reasonable or probable cause) there is no bar to a future prosecution for the same offense. (§ 999.)

## FACTUAL BACKGROUND

The People filed a complaint against real party in interest Beverly Cooper. At the preliminary hearing, Cooper moved to suppress evidence on the ground that the arresting officer did not have probable cause to detain her and search her car. The magistrate denied the motion and held Cooper to answer. Cooper then filed a motion to set aside the information on the ground that the magistrate had erred in denying the motion to suppress and the remaining evidence was insufficient to hold her to answer. The superior court agreed and set aside the information. The People then refiled the case. At the preliminary hearing, Cooper filed a motion to suppress, the magistrate denied the motion, and the magistrate held Cooper to answer. Cooper then filed a motion to set aside seeking review of the magistrate's ruling on the motion to suppress. Respondent court set the motion for hearing before the same superior court judge who had granted the first motion to set aside. The People then filed a peremptory challenge. Cooper opposed the challenge, arguing that it was untimely under *Jimenez*. The People countered that *Jimenez* applied to relitigated section 1538.5 motions, not relitigated section 995 motions. The judge rejected the challenge. He expressed that the reasoning of *Jimenez* applied because the essence of the first section 995 motion and the pending section 995 motion was a review of a ruling on a section 1538.5 motion.

## DISCUSSION

■ "Section 170.6 permits a party in civil and criminal actions to move to disqualify an assigned trial judge on the basis of a simple allegation by the party or his or her attorney that the judge is prejudiced against the party. Various restrictions on the timing of the motion are imposed by this statute, and a party may exercise such a challenge only once during the trial of an action or a special proceeding. A motion that conforms to all the requirements of section 170.6, however, must be granted." (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1248–1249 [135 Cal.Rptr.2d 639, 70 P.3d 1054].) The right conferred by section 170.6 is a substantial right that is part of the system of due process and judicial fair play in this state. (*McCauley v. Superior Court* (1961) 190 Cal.App.2d 562, 564 [12 Cal.Rptr. 119].) Section 170.6 is to be liberally construed to effect its objects and promote justice. (*Eagle Maintenance & Supply Co. v. Superior Court* (1961) 196 Cal.App.2d 692, 695 [16 Cal.Rptr. 745].)

"In *Schlick v. Superior Court* (1992) 4 Cal.4th 310 [14 Cal.Rptr.2d 406, 841 P.2d 926], [the] court interpreted Penal Code section 1538.5, subdivision (d), as precluding the prosecution from relitigating a suppression motion that the superior court had granted in a felony matter. 'Although the People were free to refile a case after the granting of a motion to suppress evidence, they

could not relitigate the motion. Instead, they were bound by the initial court's ruling.' [Citation.] 'In response to the *Schlick* case, in 1993 the Legislature amended Penal Code section 1538.5 by revising subdivision (j) and adding subdivision (p).' [Citation.] Penal Code section 1538.5, subdivision (j), now provides that if a suppression motion is granted either at the preliminary hearing or in the superior court, resulting in dismissal of the action, the prosecution may refile the action, and the previous suppression ruling 'shall not be binding in any subsequent proceeding, except as limited by subdivision (p).' As relevant, subdivision (p) of Penal Code section 1538.5 provides: 'Relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing *if the judge is available*.' (Italics added.)" (*Jimenez, supra*, 28 Cal.4th at p. 805, fn. omitted.)[3]

In *Jimenez*, the court held that the People could not peremptorily challenge the judge who had granted the first suppression motion so as to make that judge unavailable to hear a relitigated suppression motion: It relied on clear legislative history stating that the amendment to section 1538.5 adding subdivision (p) was intended to prohibit prosecutors from forum shopping. (*Jimenez, supra*, 28 Cal.3d at pp. 806–808.) It also relied on the well settled rule of statutory construction that a general statutory provision is controlled by one that is specific relating to a particular subject, the latter being treated as an exception to the former. (*Id.* at pp. 808–809.) It explained: " 'Here, we cannot conclude that the more general Code of Civil Procedure section 170.6 was intended to permit the forum shopping Penal Code section 1538.5, subdivision (p), was specifically enacted to prevent. We instead hold that the Code of Civil Procedure section 170.6 right to disqualify a judge necessarily encompasses an implied exception, pursuant to Penal Code section 1538.5, subdivision (p), for the relitigation of any subsequent motion to suppress evidence.' " (*Ibid.*, quoting *Barnes v. Superior Court* (2002) 96 Cal.App.4th 631, 641–642 [117 Cal.Rptr.2d 621].)

The People urge that respondent court erred in rejecting their peremptory challenge because the implied exception to section 170.6 pertains to section 1538.5 motions to suppress, not section 995 motions to set aside.

Cooper cites no authority for the proposition that section 995 motions that seek review of a motion-to-suppress denial also constitute an implied exception to section 170.6. She simply relies on the reasoning of *Jimenez*, which

---

[3] Section 1538.5, subdivision (p), states in full: "If a defendant's motion to return property or suppress evidence in a felony matter has been granted twice, the people may not file a new complaint or seek an indictment in order to relitigate the motion or relitigate the matter de novo at a special hearing as otherwise provided by subdivision (j), unless the people discover additional evidence relating to the motion that was not reasonably discoverable at the time of the second suppression hearing. Relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing if the judge is available."

condemned forum shopping. She urges that "There is no difference between [the *Jimenez*] situation[] and the one present in the case at bar." She urges us to construe section 1538.5, subdivision (p), "to include the only other situation in which a motion to suppress is ruled on by the superior court—at a second Penal Code section 995 motion where the issue is the legality of the search and the legal correctness of the ruling on the motion to suppress heard in conjunction with the preliminary examination."

Pursuit of Cooper's analysis, however, would necessarily result in overstepping our constitutional role to construe statutes as they are, and not rewrite them as we speculate they might be improved.

" 'The fundamental task of statutory construction is to "ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute." ' [¶] We may also look to the canons of statutory construction to guide our quest for legislative intent. These include the duty to harmonize statutes on the same subject if possible, the presumption against implied repeals, and the rule that a specific statute prevails over a general one. [¶] But canons of statutory construction 'are "merely aids to ascertaining probable legislative intent." [Citation.] No single canon of statutory construction is an infallible guide to correct interpretation in all circumstances.' '[The canons] are tools to assist in interpretation, not the formula that always determines it. A court must be careful lest invocation of a canon cause it to lose sight of its objective to ascertain the Legislature's intent.' [¶] In recognition of the courts' constitutional role to construe, not write, statutes, ' "[a]ll presumptions are against a repeal by implication." ' 'It is the duty of this court to harmonize statutes on the same subject [citations], giving effect to all parts of all statutes if possible [citation].' '[W]e will find an implied repeal "only when there is no rational basis for harmonizing the two potentially conflicting statutes [citation], and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.' " ' [¶] Significantly, whether the canon invoked is that the specific statute prevails over the general or that the latest statutory expression prevails, such canons share the requirement that the enforcement of one duly enacted statute at the expense of another on the same subject only applies when the two statutes cannot be reconciled. Restraint of judicial trespass into the legislative province is no doubt the reason for the rule that a judicially determined repeal requires a repugnancy between the two statutes that prevents their concurrent operation—a restraint that has constitutional underpinnings premised on the separation of powers." (*Medical Board v. Superior Court* (2001) 88 Cal.App.4th 1001, 1013–1014 [106 Cal.Rptr.2d 381], fns. omitted.)

In *Jimenez*, the court was faced with two conflicting statutes: one requiring the same judge to hear a relitigated suppression motion; the other allowing a

judge to be peremptorily challenged. The repugnancy prevented concurrent operation of the statutes. Thus, the court simply looked to the canons of statutory construction to ascertain the legislative intent.

■ Here, however, there are no conflicting statutes. Section 1538.5, subdivision (p), expressly applies to suppression motions. There is no mention of motions to set aside grounded on review of a suppression-motion denial. Yet Cooper would have us insert such into the statute.

"A fundamental misconception prevails, and pervades all the books as to the dealing of the courts with statutes. Interpretation is generally spoken of as if its chief function was to discover what the meaning of the Legislature really was. But when a Legislature has had a real intention, one way or another, on a point, it is not once in a hundred times that any doubt arises as to what its intention was. If that were all that a judge had to do with a statute, interpretation of statutes, instead of being one of the most difficult of a judge's duties, would be extremely easy. The fact is that the difficulties of so-called interpretation arise when the Legislature has had *no meaning* at all; when the question which is raised on the statute *never occurred* to it; when what the judges have to do is, not to determine what the Legislature did mean on a point which was present to its mind, but to guess what it would have intended on a point not present to its mind, if the point had been present. . . . and that when the judges are professing to declare what the Legislature meant, they are in truth, themselves legislating to fill up the *casus omissi.*" (Gray, The Nature and Sources of The Law (2d ed. 1931) pp. 172–173, fn. omitted, italics added.)

■ Here, the question whether relitigated section 995 motions grounded on review of a suppression-motion denial should be included within section 1538.5, subdivision (p), presumably never occurred to the Legislature. If this is the case, we cannot legislate to fill up the oversight. On the other hand, the Legislature might have deliberately chosen to omit section 995 motions from the scope of section 1538.5, subdivision (p), given that the Legislature was aware of section 995's role in litigating suppression questions.[4] (See *Schlick v. Superior Court, supra,* 4 Cal.4th at p. 315.) Indeed, the Legislature might rationally have decided that it was unnecessary to include section 995 motions within section 1538.5, subdivision (p), given that (1) judges who rule on section 995 motions seeking review of a suppression-motion denial do not find facts, and (2) orders stemming from such motions are not given deference on appeal. If this is the case, we cannot legislate to improve the statute to our liking. In short, our job is simply to construe section 1538.5,

---

[4] Section 1538.5, subdivision (m), states: "The proceedings provided for in this section, and Sections 871.5, 995, 1238, and 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure . . . ."

subdivision (p), as written. The plain words of the statute make the statute applicable to suppression motions, not set-aside motions.

"The reason for judicial restraint is that the cure is worse than the disease. Ignoring the most recent enactment or curing a perceived omission or inclusion beyond the bounds permitted by interpretation, a judicial temptation of the first order, encroaches on the legislative power. If the Legislature has made a mistake, it has the (legislative) means to correct the mistake. And it does. As anyone familiar with the legislative process knows, the Legislature routinely passes legislation to clean up past mistakes. That is the legislative function. It should not be transferred to the judicial branch, which lacks that power." (*Correctional Peace Officers Assn. v. Department of Corrections* (1999) 72 Cal.App.4th 1331, 1340 [85 Cal.Rptr.2d 797].)

## DISPOSITION

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing respondent court to vacate its order rejecting the People's peremptory challenge and enter a new order accepting the challenge.

Rushing, P. J., and Elia, J., concurred.

A petition for a rehearing was denied January 15, 2004, and the opinion was modified to read as printed above.