Filed 11/6/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LAMONTE BREWER,<br><br>     Petitioner<br><br>v.<br><br>SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>     Respondent;<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>     Real Party in Interest. | A151584<br><br>Contra Costa County Super. Ct. No. 02 3236411 |

## I. INTRODUCTION

Defendant Lamonte Brewer seeks a writ of mandate directing the trial court to grant his motion to set aside an information charging him with three gun possession crimes. Defendant argues that the magistrate conducting the preliminary hearing should have suppressed evidence of a gun that police found during a search of a car, and that absent the gun evidence, the charges were not supported by reasonable or probable cause. The magistrate refused to suppress the gun evidence because defendant lacked a reasonable expectation of privacy in the car that was searched. The trial court denied defendant's motion to set aside the information for the same reason.

We conclude that defendant can challenge the gun evidence as the fruit of an unlawful detention, even if he lacked an expectation of privacy in the searched car. We will therefore grant defendant's petition, and direct the trial court to conduct further

1

proceedings to determine whether the motion to set aside the information should be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with possession of a firearm with a prior violent conviction (Pen. Code, § 29900, subd. (a)(1), count 1)[1]; manufacturing, importing, keeping for sale, or giving or receiving a large-capacity magazine (§ 32310, subd. (a), count 2); and carrying a loaded firearm (§ 25850, subd. (a), count 3).

Detective Cliff Calderan was the only witness to testify at the preliminary hearing. Calderan testified that on September 1, 2016 at approximately 9:40 p.m., he was on patrol near the Crescent Park apartment complex in Richmond. The complex was claimed by the Manor Boyz criminal street gang and was in a high-crime area of Richmond. Calderan spotted a red Dodge Grand Caravan in the parking lot. Defendant was sitting in the rear of the vehicle. Two other people were in the driver and front passenger seats. The person in the front passenger seat was the registered owner of the vehicle.

Calderan and others officers at the scene approached the van. Calderan testified that as he and the other officers were approaching, defendant "ducked down behind the driver's seat immediately." Calderan then explained that: "We told him [defendant] to get up and put his hands up. He looked to the right, moved to the right, it seemed like he was trying to find a way to get out of the vehicle . . . . After several orders for him to remain still and put his hands up, he moved to the back of the van and did so." The officers had their guns drawn, and also told the other occupants of the vehicle to put their hands up.

Calderan approached the front passenger seat and located marijuana in the possession of the person sitting there. The officers then conducted a search of the vehicle (apparently after ordering the three occupants out of the vehicle). During the search, Calderan found a Glock 10-millimeter loaded with a 15-round magazine underneath the rear of the driver's seat, in front of where defendant had been seated.

---

[1] All further undesignated statutory references are to the Penal Code.

2

Defendant moved at the preliminary hearing to suppress the gun evidence, arguing it was obtained in violation of his Fourth Amendment rights. The magistrate denied the motion because defendant lacked an expectation of privacy in the searched car, and held defendant to answer on each of the gun possession charges.

After the prosecution filed an information, defendant moved under section 995 to set aside the information,[2] renewing his argument that the gun evidence should be suppressed. The trial court denied the motion. The trial court stated it was "clear" that the police officers detained defendant without reasonable suspicion. Nevertheless, the trial court determined that defendant failed to establish a reasonable expectation of privacy in the vehicle where police found the gun.

Defendant then filed this petition for a writ of mandate. We issued an alternative writ based on our preliminary conclusion that the trial court had erred in denying petitioner's section 995 motion. We directed the trial court to set aside and vacate its order and enter a new one granting defendant's motion or, in the alternative, to show cause before us why a peremptory writ of mandate should not be granted. The trial court did not vacate its ruling, and the matter is now before us.

## III.    DISCUSSION

"A criminal defendant may test the unreasonableness of a search or seizure by making a motion to suppress at the preliminary hearing and, if unsuccessful, renewing the motion in superior court if held to answer. (§ 1538.5, subd. (i).) Or, if unsuccessful at the preliminary hearing, he or she may raise the matter in superior court under the standards governing a section 995 motion. (§ 1538.5, subd. (m).) …. [¶] 'In a 995 proceeding, the court merely reviews the evidence. It does not substitute its judgment as to the weight thereof or the credibility of the witnesses who testified at the hearing nor does it resolve conflicting factual contentions. [Citations.] The function is similar to that of an appellate court reviewing the sufficiency of the evidence to sustain a judgment and

---

[2]    Section 995 states that an information shall be set aside if a defendant has been committed without reasonable or probable cause. (§ 995, subd. (a)(2)(B).)

involves the determination of a legal issue only.' [Citation.]" (*People v. Superior Court (Cooper)* (2003) 114 Cal.App.4th 713, 717.)

"[O]n appeal concerning a section 995 review of a motion-to-suppress denial, it is the determination of the magistrate at the preliminary hearing that is reviewed.' [Citations.]" (*Cooper, supra*, 114 Cal.App.4th at p. 717.) In so doing, the appellate court applies the same standard as the trial court under the section 995 motion—it does not substitute its judgment as to the weight of the evidence or the credibility of the witnesses, nor does it resolve conflicting factual contentions. (*People v. Romeo* (2015) 240 Cal.App.4th 931, 941-942.)

Here, it appears that both the magistrate and the trial court denied the motions based on the legal conclusion that defendant lacked standing to challenge the search of the car. Consequently, "[w]here, as here, the facts are not in dispute, the appellate court may review the question of standing de novo. [Citations.]" (*People v. Koury* (1989) 214 Cal.App.3d 676, 685.)

It has long been established that an individual cannot challenge the introduction of evidence obtained in an allegedly unlawful search unless the individual had a reasonable expectation of privacy in the object seized or the place searched. (*Rakas v. Illinois* (1978) 439 U.S. 128, 143, 148.) Defendant, however, is not challenging the lawfulness of the *search* that yielded the gun. He is arguing that he was *unlawfully detained* by police, and that the gun found in the subsequent search should be suppressed as the fruit of the unlawful detention.

We agree with defendant that he may challenge the gun evidence as the fruit of an unlawful detention. The parties have not cited any cases from California holding that a defendant may move to suppress evidence as the fruit of an unlawful detention even if the defendant lacked an expectation of privacy in the vehicle where the evidence was found. But there is an abundance of authority from other jurisdictions that supports defendant's argument. (See *U.S. v. Ellis* (6th Cir. 2007) 497 F.3d 606, 612 ["Although a passenger does not have a legitimate expectation of privacy in the searched vehicle, 'as a passenger [a defendant] may still challenge the stop and detention and argue that the evidence

4

should be suppressed as fruits of illegal activity' "]; *U.S. v. Kimball* (1st Cir. 1994) 25 F.3d 1, 5-6 ["Thus, if the initial stop of the vehicle was illegal, evidence seized by virtue of that stop, such as the tools in this instance, may be subject to exclusion under the 'fruit of the poisonous tree' doctrine"]; *U.S. v. McKneely* (10th Cir. 1993) 6 F.3d 1447, 1450 [" '[E]ven if [a] defendant lacks standing to challenge the search of the car, if the initial stop was illegal, the seized contraband is subject to exclusion under the "fruit of the poison[ous] tree" doctrine' "]; *U.S. v. Martinez* (D.Kan. 2008) 537 F.Supp.2d 1153, 1156-1157 [defendant "lacks standing to challenge the vehicle search of [the co-defendant's] vehicle," but "nonetheless properly asserts that she may contest the lawfulness of her own detention and seek to suppress evidence found in the vehicle as the fruit of the illegal detention"]); *State v. Bowers* (Ark. 1998) 976 S.W.2d 379, 382 ["There is no doubt that the search which resulted in finding marijuana and methamphetamine was the direct result of the illegal stop. Under these circumstances, we hold that the search was tainted, and we affirm the trial court's ruling that the drugs seized must be suppressed"].)

The Supreme Court's decision in *Brendlin v. California* (2007) 551 U.S. 249 further supports defendant's argument. *Brendlin* addressed whether a passenger of a vehicle is seized within the meaning of the Fourth Amendment when a police officer makes a traffic stop. (*Id.* at p. 252.) The Supreme Court held that a passenger is seized, "and so may challenge the constitutionality of the stop." (*Id.* at p. 251.) Although the high court was not called upon to address whether the passenger could challenge any evidence found in a subsequent search as fruit of an unlawful traffic stop, it strongly implied that a passenger could make such a challenge. The Court explained: "Holding that the passenger in a private car is not (without more) seized in a traffic stop would invite police officers to stop cars with passengers regardless of probable cause or reasonable suspicion of anything illegal. [Footnote omitted.] The fact that evidence *uncovered as a result of an arbitrary traffic stop* would still be admissible against any passengers would be a powerful incentive to run the kind of 'roving patrols' that would still violate the driver's Fourth Amendment right." (*Id.* at p. 263, italics added.)

5

Based on *Brendlin* and the other authority cited above, we hold that a defendant may challenge evidence found in a searched vehicle as the fruit of an unlawful detention, even if the defendant lacked a reasonable expectation of privacy in the searched vehicle.

In his return to our alternative writ of mandate, the Attorney General does not dispute that defendant should be able to challenge the gun evidence as the fruit of an unlawful detention. Instead, the Attorney General asks us to issue a new alternative writ of mandate commanding the trial court to determine whether the initial detention was unlawful and, if so, whether the seized gun was the fruit of that detention. We decline the Attorney General's request, and will issue a peremptory writ of mandate directing the trial court to vacate its order denying defendant's motion to set aside the information. We will not, however, direct the trial court to enter a new order granting the motion. Instead, we will direct the trial court to conduct further proceedings in this matter, which will allow the trial court to address any remaining issues before deciding whether to grant defendant's motion.

## IV.  DISPOSITION

Let a peremptory writ of mandate issue directing respondent Superior Court of Contra Costa County to vacate and set aside its ruling denying the motion to set aside the information, and to thereafter conduct further appropriate proceedings.

_____
Rivera, Acting P.J.

We concur:


_____
Streeter, J.


_____
Dondero, J.


*Brewer v. Superior Court of Contra Costa County* (A151584)

7

<u>Brewer v. Superior Court of Contra Costa County; The People of the State of California</u> (A151584)

| | |
|---|---|
| Trial Court: | Contra Costa County |
| Trial Judge: | Honorable Charles B. Burch |

| | |
|---|---|
| Counsel for Petitioner, Lamonte Brewer: | D. Glenn Brown Law Office, David Glenn Brown. |
| Counsel for Respondent, Superior Court of Contra Costa County and Real Party in Interest, The People of the State of California: | Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Bruce M. Slavin, Deputy Attorney General, Laurence K. Sullivan and Catherine A. Rivlin, Supervising Deputy Attorneys General. |