[No. B103529. Second Dist., Div. Six. July 23, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY M. GLENN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

## COUNSEL

Barbara O'Neill Ferris, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Marc J. Nolan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, J.**—Here we hold that Penal Code section 1538.5, subdivision (j) gives the People the right to relitigate a suppression motion a second time whether or not the first suppression motion was granted at a preliminary hearing or in the superior court.[1]

Jeffrey M. Glenn (Glenn) appeals from the judgment entered following a jury trial in which he was convicted of possessing cocaine. (Health & Saf. Code, § 11350, subd. (a).) Glenn contends that the People were barred under section 1538.5, subdivision (d) from relitigating a suppression motion they had lost in superior court in a prior action dismissed on the People's motion pursuant to section 1385. [[/]]*

### The Prior Action (No. CR35316)[2]

The People originally filed a felony complaint (No. CR35316) on October 27, 1994, against Glenn in Ventura County Municipal Court for possession of cocaine. (Health & Saf. Code, § 11350, subd. (a).) Glenn was held to answer at a preliminary hearing before Magistrate O'Neill.

---

[1] All further statutory references are to the Penal Code unless otherwise provided.

*See footnote, *ante*, page 886.

[2] Pursuant to Evidence Code section 452, subdivision (d), we have taken judicial notice of the superior court file in No. CR35316.

Glenn, thereafter, brought a motion in superior court before Judge McGrath to have the cocaine suppressed. (§ 1538.5.) This was the first suppression motion. Judge McGrath granted it. The People moved to dismiss the case pursuant to section 1385.

### The Present Action (No. CR38128)

Following dismissal of No. CR35316, the People brought an identical action against Glenn in Ventura County Superior Court (No. CR38128) for possession of cocaine. Glenn filed a second suppression motion to suppress the cocaine in superior court. The parties submitted the motion on the transcript of the first suppression motion heard by Judge McGrath. Judge Campbell denied the motion.

### Judge McGrath's Ruling Granting Glenn's First Suppression Motion Was Not Binding in the Second Action

In *Schlick* v. *Superior Court* (1992) 4 Cal.4th 310 [14 Cal.Rptr.2d 406, 841 P.2d 926], the California Supreme Court held that the People were bound by a superior court's ruling in a prior case granting a defendant's suppression motion where the charges subsequently were dismissed and refiled by the People. The court relied on the language in subdivision (d) of section 1538.5, which provides that if a suppression motion is granted, the property or evidence suppressed shall "not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section [or other specified review procedures] are utilized by the people." (§ 1538.5, subd. (d).) The court observed that review procedures available to the People included a timely petition for mandate or prohibition seeking appellate review of the suppression ruling. (§ 1538.5, subd. (o).)

The court also relied on the language then found in subdivision (j) of section 1538.5 to bolster its conclusion that a *superior court* ruling granting a suppression motion is binding in any later action brought by the People on identical charges. The court stated: "The Legislature in subdivision (j) made it explicit that suppression rulings *by a magistrate* at the preliminary hearing could be relitigated following a dismissal and the filing of a new complaint. The Legislature's failure to include a similar provision qualifying the broad language of section 1538.5, subdivision (d) as applied to suppression rulings *by the superior court* leads us to conclude the omission was deliberate, and reflects an intention to bar relitigation of those rulings." (*Schlick* v. *Superior Court, supra,* 4 Cal.4th at p. 315, italics added.)

The Legislature changed its intention and in 1993 amended section 1538.5, subdivision (j) to include the following language: "If the case has

been dismissed pursuant to Section 1385, or if the people dismiss the case on their own motion *after the special hearing*, the people may file a new complaint or seek an indictment *after the special hearing*, and the ruling *at the special hearing* shall not be binding in any subsequent proceeding, except as limited by subdivision (p)." (§ 1538.5, subd. (j), italics added.) The term "special hearing" is mentioned in subdivision (i) of section 1538.5 and refers to a hearing in superior court to determine the validity of a suppression motion prior to trial.

■ The People contend that under the 1993 amendment to subdivision (j), Judge McGrath's ruling on Glenn's first suppression motion in superior court was not binding in the second action brought by the People following dismissal of No. CR35316 pursuant to section 1385.

Glenn disagrees. He relies on the text in section 1538.5, subdivision (j) which precedes its reference to "special hearing."[3] Glenn contends that the "special hearing" in subdivision (j) relates only to a hearing *requested by the People* in superior court to determine the validity of a defense suppression motion *after a suppression motion already has been granted in the defense's*

---

[3]Glenn points to the following text at the beginning of subdivision (j): "If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return of the property or suppression of the evidence at the preliminary hearing is granted, and if the defendant is not held to answer at the preliminary hearing, the people may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing shall not be binding in any subsequent proceeding, except as limited by subdivision (p). In the alternative, the people may move to reinstate the complaint, or those parts of the complaint for which the defendant was not held to answer, pursuant to Section 871.5. If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return or suppression of the property or evidence at the preliminary hearing is granted, and if the defendant is held to answer at the preliminary hearing, the ruling at the preliminary hearing shall be binding upon the people unless, upon notice to the defendant and the court in which the preliminary hearing was held and upon the filing of an information, the people, within 15 days after the preliminary hearing, request in the superior court a special hearing, in which case the validity of the search or seizure shall be relitigated de novo on the basis of the evidence presented at the special hearing, and the defendant shall be entitled, as a matter of right, to a continuance of the special hearing for a period of time up to 30 days. The people may not request relitigation of the motion at a special hearing if the defendant's motion has been granted twice. If defendant's motion is granted at a special hearing in the superior court, the people, if they have additional evidence relating to the motion and not presented at the special hearing, shall have the right to show good cause at the trial why the evidence was not presented at the special hearing and why the prior ruling at the special hearing should not be binding, or the people may seek appellate review as provided in subdivision (o), unless the court, prior to the time the review is sought, has dismissed the case pursuant to Section 1385. If the case has been dismissed pursuant to Section 1385, or if the people dismiss the case on their own motion after the special hearing, the people may file a new complaint or seek an indictment after the special hearing, and the ruling at the special hearing shall not be binding in any subsequent proceeding, except as limited by subdivision (p). . . ." (§ 1538.5, subd. (j).)

*favor at the preliminary hearing.* Because Glenn never made a suppression motion at the preliminary hearing in the first case, Glenn contends subdivision (j) does not apply, and Judge McGrath's ruling in the first case *was* binding in the second case brought by the People pursuant to subdivision (d) of section 1538.5.

Glenn places too narrow a construction on the phrase "special hearing." First, Glenn ignores the reference to a "special hearing" in section 1538.5, subdivision (i). That subdivision provides: "If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing . . . the defendant shall have the right to renew or make the motion in the superior court *at a special hearing* relating to the validity of the search or seizure which shall be heard prior to trial . . . ." (§ 1538.5, subd. (i).) The superior court hearing before Judge McGrath to determine the validity of Glenn's first suppression motion clearly was such a "special hearing."

Under Glenn's interpretation, moreover, the People could only relitigate a suppression motion where they had previously lost the same motion twice (once at the preliminary hearing and, again, at a later special hearing requested by the People in superior court). He argues that the People could not relitigate a suppression motion where, as here, they had lost the motion only once in superior court.

This interpretation would lead to absurd results and is inconsistent with the language found in subdivision (p) of section 1538.5 which refers to the People's right to relitigate a previously lost suppression motion. Subdivision (p), added in 1993, provides in pertinent part: "If a defendant's motion to . . . suppress evidence in a felony matter has been granted twice, the people may not file a new complaint . . . in order to relitigate the motion or relitigate the matter de novo at a special hearing in the superior court as otherwise provided by subdivision (j), unless the people discover additional evidence relating to the motion that was not reasonably discoverable at the time of the second suppression hearing." (§ 1538.5, subd. (p); see also *People* v. *Gallegos* (1997) 54 Cal.App.4th 252 [62 Cal.Rptr.2d 666], review den. [construing the 1993 amendment to section 1538.5 to permit the prosecution, following the grant of a motion to suppress evidence first made in the superior court, to dismiss the case, refile the charges and oppose a subsequent superior court suppression motion without binding effect of the first ruling].)

Based upon the foregoing, Judge McGrath's ruling granting Glenn's first suppression motion was not binding in the second action brought by the

People. Instead, subdivision (j) of section 1538.5 expressly permitted the People to relitigate the suppression motion following dismissal and refiling of the case.[4]

[[/]]*

The judgment is affirmed.

Stone (S. J.), P. J., and Yegan, J., concurred.

---

[4]In *Soil* v. *Superior Court* (1997) 55 Cal.App.4th 872 [64 Cal.Rptr.2d 319], the court recently held that the relitigation of a suppression motion must be heard by the same judge who granted the suppression motion if that judge is available. The parties did not raise this issue.

*See footnote, *ante*, page 886.