[No. D037670. Fourth Dist., Div. One. Mar. 20, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTINE ANN JACKSON, Defendant and Appellant.

**COUNSEL**

Steven J. Carroll, Public Defender, and Matthew Braner, Deputy Public Defender, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, James D. Dutton and Matthew Mulford, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McDONALD, J.**—Appellant Christine Ann Jackson was charged with possession of methamphetamine for sale, possession of marijuana for sale, and possession of drug paraphernalia (Health & Saf. Code, §§ 11378, 11359, 11364). She moved at a preliminary hearing to suppress items seized from her purse during a search of her codefendant's bedroom, arguing the prosecution was bound by a prior ruling in an earlier case granting her motion to suppress; alternatively, she argued that even if de novo evaluation of her motion was required, the motion should be granted because the search of her purse was illegal. The court rejected both contentions. Jackson pleaded

guilty to one count of possession of methamphetamine and was placed on probation with 150 days stayed custody; the remaining charges were dismissed. Jackson argues the trial court erroneously denied her motion to suppress.

# I

## THE FACTS

Mr. Huitron, Jackson's codefendant, lived in a two-bedroom apartment on Wabash Street in San Diego (the apartment); it is undisputed that Huitron was a probationer who had agreed to permit warrantless searches of his home. On February 18, 2000, Officers Burkett, Mondesoir and Newquist went to the apartment, which they knew to be occupied by Huitron, knocked on the door and identified themselves as police, and entered when there was no response. They saw Jackson and Huitron in a back bedroom. Officer Burkett saw smoke dissipating on the ceiling of the bedroom and detected a chemical-like smell.

The other officers conducted a search of the bedroom. Officers saw a glass pipe and a baggie containing a substance that appeared to be methamphetamine on the nightstand in plain view. They found four baggies containing marijuana in a paper bag on the bed. The also found methamphetamine inside a man's shoe in a box in the closet, and several pills inside a VCR.

Officers also found a woman's purse on the bedroom floor. They searched the purse and found three baggies of methamphetamine and a wallet containing Jackson's driver's license. Other than the purse, officers found nothing in the apartment belonging to Jackson.

# II

## PROCEDURAL BACKGROUND

Jackson argues the stipulated ruling in a prior case granting her motion to suppress the contents of her purse was binding in this case and it was error to permit the prosecution to avoid the ruling in the prior case by denying her motion to suppress in the present case.

### A.  *The Initial Case*

Jackson was charged by a complaint filed February 25, 2000, with possession of methamphetamine for sale, possession of marijuana for sale, and

possession of drug paraphernalia (the initial case). Jackson filed a Penal Code section 1538.5[1] motion to suppress the contents of her purse. The motion was heard at the April 17, 2000, preliminary hearing. The prosecution stipulated the contents of the purse had been illegally seized and the magistrate granted Jackson's motion to suppress. However, the magistrate bound Jackson over on all charges, apparently on a theory of joint possession of drugs found in the bedroom.

The information was filed April 26, 2000, Jackson was arraigned on May 1, 2000, and trial was set for July 28, 2000. On August 1, 2000, the case was sent out for trial, and on August 2, 2000, the parties' contested pretrial motions, including an apparent motion by the prosecution to rescind the stipulated order granting Jackson's motion to suppress. There was no ruling on this motion.[2] Instead, the court granted the prosecution's motion to dismiss the initial case.

## B. *The Present Case*

On August 4, 2000, the present case against Jackson was commenced by a complaint alleging the same offenses as alleged in the initial case. At the preliminary hearing, Jackson again moved to suppress the contents of the purse, arguing that under section 1538.5 the prosecution was bound by the stipulated order entered in the initial case. She also argued on the merits that the search of the purse was unlawful. The magistrate denied the motion to suppress and bound Jackson over on the complaint.

Jackson renewed her motion in superior court (§ 1538.5, subd. (i)), again arguing the prior suppression ruling in the initial case was binding, and in any event the motion to suppress should be granted. The court denied her motion. Jackson then pleaded guilty to possession of methamphetamine as a lesser included offense to count one, and the remaining charges were dismissed.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The parties did not provide a reporter's transcript of the August 2, 2000, proceedings, but the minutes show the court asked counsel regarding a "stipulation as to the basis for the search," and after an unreported discussion, the minutes state "the Court hears all counsel on the admission of the contents of Jackson's purse found pursuant to the 4th waiver search . . . . If the court rules the contents . . . admissible, . . . Jackson will move for severance." After the lunch recess, the minutes refer to an unreported chambers conference with counsel and the court. Upon reconvening, the prosecution moved to dismiss the case with the intent to refile, and the motion was granted over defense objection.

## III

### Analysis

#### A.  *The Framework*

■   The dispositive issue is whether under section 1538.5 the prosecution, after losing a motion to suppress at a preliminary hearing at which the defendant was nevertheless held to answer and without timely moving to relitigate the suppression motion de novo at a special hearing in superior court, may seek dismissal of the action for the purpose of refiling the action and relitigating the suppression motion. Because we must construe section 1538.5, we begin with those portions germane to our evaluation. Subdivision (d)[3] provides: "If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at *any* trial or other hearing unless further proceedings *authorized by this section* . . . are utilized by the people." (Italics added.)

Subdivision (f) provides that, when the action is initiated by a complaint, the defendant may move to suppress at either the preliminary hearing or after arraignment. Subdivision (i) ·then sets forth the procedures for a defendant who wishes to make or, if initially made at a preliminary hearing, to renew his or her motion in superior court after arraignment: "If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, . . . the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure . . . . If the offense was initiated by indictment or if the offense was initiated by complaint and no motion was made at the preliminary hearing, the defendant shall have the right to fully litigate the validity of a search or seizure on the basis of the evidence presented at a special hearing. If the motion was made at the preliminary hearing, . . . evidence presented at the special hearing shall be limited to the transcript of the preliminary hearing . . . ."

Subdivision (j), as amended in response to *Schlick v. Superior Court* (1992) 4 Cal.4th 310 [14 Cal.Rptr.2d 406, 841 P.2d 926], provides avenues of relief to the prosecution when a defendant's motion to suppress has been granted. The relief authorized by subdivision (j) varies depending on whether the motion was granted at the preliminary hearing or at a superior court special hearing, and on whether the defendant was bound over for trial: "If the property or evidence relates to a felony offense initiated by complaint

---

[3]All subdivision references are to subdivisions of section 1538.5 unless otherwise specified.

and the defendant's motion for the return of the property or suppression of the evidence at the preliminary hearing is granted, and if the defendant is not held to answer at the preliminary hearing, the people may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing shall not be binding in any subsequent proceeding, except as limited by subdivision (p). . . . If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return or suppression of the property or evidence at the preliminary hearing is granted, and if the defendant is held to answer at the preliminary hearing, the ruling at the preliminary hearing shall be binding upon the people unless, upon notice to the defendant and the court in which the preliminary hearing was held and upon the filing of an information, the people, within 15 days after the preliminary hearing, request in the superior court a special hearing, in which case the validity of the search or seizure shall be relitigated de novo on the basis of the evidence presented at the special hearing . . . . The people may not request relitigation of the motion at a special hearing if the defendant's motion has been granted twice. If the defendant's motion is granted at a special hearing in the superior court, the people, if they have additional evidence . . . not presented at the special hearing, shall have the right to show good cause at the trial . . . why the prior ruling at the special hearing should not be binding, or the people may seek appellate review as provided in subdivision (*o*) unless the court, prior to the time review is sought, has dismissed the case pursuant to Section 1385. If the case has been dismissed pursuant to Section 1385, or if the people dismiss the case on their own motion after the special hearing, the people may file a new complaint or seek an indictment after the special hearing, and the ruling at the special hearing shall not be binding in any subsequent proceeding, except as limited by subdivision (p). . . ."

Finally, subdivision (p) restricts the ability of the prosecution to repeatedly dismiss actions for the purpose of relitigating motions to suppress: "If a defendant's motion to . . . suppress evidence in a felony matter has been granted twice, the people may not file a new complaint or seek an indictment in order to relitigate the motion or relitigate the matter de novo at a special hearing in the superior court as otherwise provided by subdivision (j), unless the people discover additional evidence relating to the motion that was not reasonably discoverable at the time of the second suppression hearing."

### B. *The Contentions of the Parties*

Jackson interprets section 1538.5 to provide that when a motion to suppress is granted at the preliminary hearing in the initial case but the defendant is nevertheless bound over for trial, the ruling is binding in the

initial case or any later filed action unless the prosecution elects one of two alternative courses. First, the prosecution can proceed with the initial action by filing the information but, if it chooses this course, it must within 15 days after the preliminary hearing request a special hearing in the superior court to relitigate de novo the motion to suppress. Alternatively, the prosecution can abandon the initial action by not filing an information within 15 days after the preliminary hearing, resulting in dismissal of the initial action under section 1382, subdivision (a)(1), and then file a new complaint and relitigate the motion to suppress in the new action, subject to the limitations of subdivision (p). Under Jackson's interpretation, if the prosecution does not pursue one of these alternatives, the ruling at the preliminary hearing in the initial action is binding in the initial action and any later filed action.

Respondent interprets section 1538.5 differently. Respondent argues that the Legislature's amendments to section 1538.5, adopted in response to *Schlick v. Superior Court, supra,* 4 Cal.4th 310, show the Legislature intended the prosecution to have a second "bite at the apple" when a defendant's motion to suppress has been granted. Under respondent's interpretation, although the prosecution *may* relitigate a preliminary hearing order granting a motion to suppress by moving for a special hearing in the pending action within the procedural constraints of subdivision (j), the prosecution need not comply with those constraints. Instead, argues respondent, the prosecution may also relitigate the motion by obtaining dismissal of the pending action at any time and then refiling the charges in a new action, subject only to the limitation under subdivision (p) that a suppression motion granted twice becomes binding.

C. *Evaluation*

We must determine whether subdivision (d)'s injunction that a ruling on a motion to suppress is binding is negated here because the dismissal of the initial case more than 15 days after the preliminary hearing and on the eve of trial qualified as a "further proceeding[] authorized by this section" within the meaning of subdivision (d). We preface our evaluation with an overview of the limited case law construing section 1538.5's procedural mandates.

Prior to 1993, subdivision (j) provided that suppression rulings by a magistrate at a preliminary hearing could be relitigated following a dismissal and the filing of a new complaint, but there was no similar provision qualifying the broad language of subdivision (d) when the suppression ruling was made by a superior court after arraignment on the information. In *Schlick v. Superior Court, supra,* 4 Cal.4th 310, the Supreme Court held the prosecution was bound by a superior court's ruling after an arraignment,

even though the action was subsequently dismissed and refiled by the People, reasoning that the broad language in subdivision (d) stated the property or evidence suppressed shall "not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section [or other specified review procedures] are utilized by the people," and the only further proceedings authorized by section 1538.5 when the motion is granted in superior court is appellate review. (*Schlick*, at pp. 314-315.) *Schlick* noted that the language of subdivision (j) bolstered its conclusion that a superior court ruling granting a suppression motion is binding in any later action brought by the People on identical charges, explaining at page 315: "The Legislature in subdivision (j) made it explicit that suppression rulings by a magistrate *at the preliminary hearing* could be relitigated following a dismissal and the filing of a new complaint. The Legislature's failure to include a similar provision qualifying the broad language of section 1538.5, subdivision (d) as applied to suppression rulings by the superior court leads us to conclude the omission was deliberate, and reflects an intention to bar relitigation of those rulings." (Original italics.)

In 1993 the Legislature amended section 1538.5 "to correct the anomaly in the law caused by the *Schlick* decision by amending section 1538.5 to authorize the prosecution to have two opportunities to show a challenged search was legal regardless of whether the challenge to the search is first brought [before a magistrate] or the superior court." (*Soil v. Superior Court* (1997) 55 Cal.App.4th 872, 876 [64 Cal.Rptr.2d 319].) That amendment inserted into subdivision (j) the proviso that, when the defendant's motion is granted at a special hearing, and "[i]f the case has been dismissed pursuant to Section 1385, or if the people dismiss the case on their own motion after the special hearing, the people may file a new complaint or seek an indictment after the special hearing, and the ruling at the special hearing shall not be binding in any subsequent proceeding, except as limited by subdivision (p)." The 1993 amendment also added subdivision (p)'s bar against the prosecution's ability to relitigate (whether by seeking a special hearing or by refiling the complaint) when the suppression motion has been twice granted. (Stats. 1993, ch. 761, § 1, pp. 4252-4253.)

In *People v. Glenn* (1997) 56 Cal.App.4th 886 [65 Cal.Rptr.2d 797], the court evaluated whether, under the amended provisions of subdivision (j), the prosecution could dismiss and refile to relitigate a motion to suppress when the defendant's first motion to suppress was granted at a hearing after arraignment in superior court. The defendant argued the "special hearing" referred to in subdivision (j)'s dismissal and refiling procedure should be narrowly interpreted as limited to special hearings sought by the prosecution to relitigate a defendant's motion previously granted at a preliminary hearing. From this predicate, he argued that because his motion to suppress was

first granted in a superior court postarraignment hearing, which was not a special hearing sought by the prosecution, the dismissal and refiling procedures of subdivision (j) were inapplicable. (*Glenn*, at pp. 889-890.) *Glenn* rejected the argument for two reasons. First, section 1538.5 does not use the term "special hearing" exclusively to refer to hearings sought by the prosecution to relitigate preliminary hearing motions, but also uses the term "special hearing" in subdivision (i) to describe the hearing in superior court after arraignment at which a defendant makes his or her initial motion to suppress. *Glenn* also rejected the defendant's interpretation of that term because it would produce inconsistencies with subdivision (p); if special hearings were limited to those hearings sought by the prosecution to relitigate a defendant's previously granted motion, the refiling procedures would never be operable because of the two-litigation limitation of subdivision (p). Accordingly, *Glenn* concluded the term "special hearing," as used in section 1538.5, meant hearings in superior court, whether initiated by the defendant or by the prosecution. (*Glenn*, at pp. 889-890.)

We are unaware of any case that has evaluated the issue presented here: whether the prosecution, having forgone the opportunity provided by subdivision (j) to relitigate the grant of a suppression motion at a preliminary hearing by seeking a special hearing within 15 days after the preliminary hearing, may relitigate that ruling by dismissing the action more than 15 days after the preliminary hearing and refiling the case. If the dismissal does not qualify as a "further proceeding[] authorized by this section" under subdivision (d), then subdivision (d) makes the preliminary hearing suppression motion ruling binding in *any* trial or other hearing, including the refiled action.[4] Because neither *Glenn* nor *Schlick* considered this issue, we have only the language of the statute to answer this question.

When a defendant's motion to suppress is granted at the preliminary hearing, but the defendant is nevertheless bound over for trial, we agree with Jackson's reading of section 1538.5 that only two proceedings are authorized under subdivision (d) to permit the prosecution to relitigate the motion to suppress. The prosecution may abandon the initial action by not filing an information within 15 days after the preliminary hearing, resulting in dismissal of the initial case under section 1382, subdivision (a)(1), and then file a new complaint and relitigate the motion to suppress in the new action,

---

[4] The court in *People v. Methey* (1991) 227 Cal.App.3d 349, 356-357 [277 Cal.Rptr. 777] concluded that subdivision (d) made the ruling binding only in the pending action in which the ruling was entered, but did not apply to a refiled action. The court in *Schlick* disapproved that conclusion. (*Schlick v. Superior Court, supra*, 4 Cal.4th at p. 315.)

subject to the limitations of subdivision (p).[5] The only other alternative is the avenue explicitly provided by subdivision (j): a prosecution motion made within 15 days after the preliminary hearing seeking a special hearing to relitigate the motion to suppress de novo in superior court.

The course pursued here of dismissal on the eve of trial more than 15 days after the preliminary hearing is not a "further proceeding[] authorized by [section 1538.5]" that may be "utilized by the people" to escape the binding effect of the ruling under subdivision (d). The only mention of a dismissal-and-refiling option is in the sixth sentence of subdivision (j), which states that "[i]f the case has been dismissed pursuant to Section 1385, or if the people dismiss the case on their own motion *after the special hearing*, the people may file a new complaint or seek an indictment *after the special hearing*, and the *ruling at the special hearing* shall not be binding in any subsequent proceeding." That avenue becomes available *after* a special hearing has occurred to avoid the binding effect of the ruling *at* that special hearing. Here, there was no special hearing in superior court, and no ruling at a special hearing granting a motion to suppress, and therefore the dismissal on the eve of trial more than 15 days after the preliminary hearing is not a "proceeding[] authorized by [section 1538.5 that may be] utilized by the people" to avoid the subdivision (d) binding effect of the order granting the motion to suppress.

Respondent notes a dismissal is a proceeding authorized by subdivision (j) if the initial case was dismissed pursuant to section 1385 after a special hearing, and argues the ruling at a preliminary hearing in the initial case qualifies as a ruling at a special hearing. However, the entire scheme of section 1538.5 contemplates and employs a dichotomy between motions heard before a magistrate at the preliminary hearing and motions heard in superior court after the defendant is bound over for trial, and employs the term "special hearing" only to describe the latter. Respondent's construction of the statute obliterates this distinction. Moreover, it would negate the carefully constructed procedural requirements of the third sentence of subdivision (j), which provides that if the motion is granted at the preliminary hearing but the defendant is held to answer: "the ruling at the preliminary hearing *shall be binding* upon the people *unless*, upon notice . . . and upon the filing of an information, the people, within 15 days after the preliminary

---

[5]This alternative may present a different set of obstacles if the defendant again successfully moves to suppress at the preliminary hearing in the second action. (See *People v. Toney* (2002) 95 Cal.App.4th 941 [116 Cal.Rptr.2d 198].)

hearing, request in the superior court a special hearing, in which case the validity of the search or seizure shall be relitigated de novo on the basis of the evidence presented at the special hearing."

Under respondent's construction, which transforms the ruling at a preliminary hearing into a ruling at a special hearing, the italicized language has no operation because the people are *not* bound by such ruling even if they take no action to request a de novo special hearing. ■ Respondent's interpretation of subdivision (j) requires us to ignore the canon of statutory construction that a statute should not be construed to make portions of it meaningless. (*Rodriguez v. Superior Court* (1993) 14 Cal.App.4th 1260, 1269 [18 Cal.Rptr.2d 120].) ■ Additionally, it is ordinarily the rule that where the Legislature uses a different word or phrase in one part of a statute than it does in other sections or in a similar statute concerning a related subject, it must be presumed the Legislature intended a different meaning. (*Committee of Seven Thousand v. Superior Court* (1988) 45 Cal.3d 491, 507 [247 Cal.Rptr. 362, 754 P.2d 708].) Here, the Legislature employed distinct terms to describe rulings made at the preliminary hearing and rulings made after arraignment on the information at special hearings, and therefore we interpret the term "special hearing" not to include preliminary hearings.

■ We conclude that, if a defendant's motion to suppress is granted at the preliminary hearing but the defendant is bound over for trial and then arraigned on an information, the suppression motion ruling at the preliminary hearing is binding unless the prosecution invokes the legislatively authorized "second bite at the apple" by requesting within 15 days after the preliminary hearing the de novo special hearing described in subdivision (j).

We therefore conclude that the ruling granting Jackson's motion to suppress in the initial case was binding under subdivision (d), and the court erred by denying her motion to suppress in the present case.

## DISPOSITION

The judgment is reversed and the cause remanded to the superior court. That court is directed to vacate the guilty plea if defendant moves to withdraw the plea within 30 days after finality of this opinion. In that event, on motion of the People the original charges shall be reinstated and trial or other appropriate disposition shall proceed in accordance with the views

expressed in this opinion. If defendant does not elect to withdraw her plea of guilty, the court shall reinstate the judgment.

Huffman, Acting P. J., and McConnell, J., concurred.