Filed 9/11/23  P. v. Suy CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SOKHAN SUY,<br><br>    Defendant and Appellant. | F084985<br><br>(Super. Ct. No. 1464984)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Carrie M. Stephens, Judge.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari Mueller and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Peña, Acting P. J., Meehan, J. and DeSantos, J.

## INTRODUCTION

Defendant Sokhan Suy was convicted by jury of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] and being a felon in possession of a firearm (§ 29800, subd. (a)(1)). The jury also found true he personally used a firearm (§ 12022.5, subd. (a) (§ 12022.5(a) or section 12022.5(a)); and that he inflicted great bodily injury (GBI) on the victim (§ 12022.7, subd. (a) (§ 12022.7(a) or section 12022.7(a)). Defendant admitted to a prior strike under the "Three Strikes" law. (§§ 667, subds. (b)–(i)), 1170.12, subds. (a)–(d).)

Defendant was sentenced to an aggregate term of 18 years, which included three years for assault with a firearm (§ 245, subd. (a)(2)), doubled under the Three Strikes law for the prior strike conviction (§ 667, subd. (e)(1)); five years for the prior serious felony enhancement (§ 667, subd. (a) (§ 667(a) or section 667(a)); four years for the firearm enhancement under section 12022.5(a); and three years for the GBI enhancement under section 12022.7(a). A term of four years, (middle term of two years doubled for the prior strike conviction) was imposed for the possession conviction, but that sentence was stayed under section 654.

On appeal, the enhancement under section 12022.7(a) was ordered stricken, the sentence was vacated, and the case was remanded for resentencing. In September 2022, defendant was resentenced to an aggregate determinate term of 15 years as follows: the middle term of three years for the assault with a firearm (§ 245, subd. (a)(2)), doubled to six years under the Three Strikes law, four years for the firearm enhancement (§ 12022.5(a)), and five years for the prior serious felony enhancement (§ 667(a)).

Following resentencing, defendant appeals again and argues the trial court was required as a matter of law to strike one of the two enhancements under amended section 1385, subdivision (c)(2)(B) (§ 1385(c)(2)(B) or section 1385(c)(2)(B)). Alternatively, defendant contends the trial court abused its discretion in refusing to

---

[1] All further references are to the Penal Code unless indicated otherwise.

2.

dismiss an enhancement: it failed to give any weight to the multiple enhancement mitigating circumstance under section 1385(c)(2)(B), and it failed to adequately support its finding of danger to public safety necessary to overcome what defendant characterizes as a rebuttable presumption that dismissal of an enhancement is in furtherance of justice. For the reasons stated below, we affirm.

## FACTUAL BACKGROUND

Defendant's current convictions arose out of events occurring in September 2013 where defendant shot an acquaintance while he and the acquaintance were at defendant's brother's house.[2] Defendant was charged with premeditated attempted murder and for being a felon in possession of a firearm. The jury was instructed on the charged offense of attempted murder and a charged firearm enhancement under section 12022.53, subdivision (d), but it was also instructed on the lesser related offense of assault with a firearm and unpleaded enhancements for personal use of a firearm under section 12022.5(a) and for personal infliction of GBI under section 12022.7(a).

The jury found defendant not guilty of attempted murder to which the section 12022.53, subdivision (d), enhancement was attached. The jury found defendant guilty of the lesser related offense of assault with a firearm, and found true the unpleaded enhancement allegations under sections 12022.5(a) and 12022.7(a). The jury also found defendant guilty of being a felon in possession of a firearm, and defendant admitted the alleged prior serious felony conviction. Defendant was sentenced to an aggregate term of 18 years.

On appeal, we concluded defendant did not have adequate notice of the unpleaded enhancement under section 12022.7(a), the enhancement was ordered stricken, the sentence was vacated and the matter was remanded for resentencing.

---

[2] A more complete factual summary, which is not relevant to this appeal, was provided in our previously nonpublished opinion. (*People v. Suy* (Nov. 24, 2020, F078492) [nonpub. opn.].)

Upon remand, a probation report was filed in April 2021, which indicated "defendant has a prior conviction for a violation of … Section 245[, subdivision ](a)(2), a felony, in which the defendant, at close range, shot the victim on the face." The parties submitted sentencing briefs in November 2021, and the prosecution's brief stated defendant's prior conviction arose from an event in 2003 where defendant "shot his girlfriend in the face during an altercation."

The sentencing hearing was then continued several times. At a sentencing hearing on August 31, 2022, the trial court explained that it wanted to hear from the parties, and then it would continue the matter for one week while it reviewed the papers again to "make a careful ruling and consider all of the information that has been supplied including today's information." Among other information presented, defendant's father-in-law, Mr. Ramsik, made a statement on defendant's behalf.

Apparently concerned about the similarity between the 2003 shooting, which resulted in a conviction under section 245 and the current conviction under section 245, the prosecutor asked Mr. Ramsik whether he believed the 2013 shooting incident that led to the current conviction was a "one-off incident." Mr. Ramsik indicated he was not present for the 2013 incident. The trial court then asked Mr. Ramsik whether he was aware defendant had a prior similar incident in the past. Mr. Ramsik indicated he "knew of a prior incident," but he "wouldn't exactly call it similar." He stated the two offenses were "under an entirely separate set of circumstances" and the current situation "was entirely different." However, Mr. Ramsik indicated he did not know defendant when the prior offense occurred in 2003, and he did not have any personal knowledge as to the facts and circumstances of that offense.

Defense counsel objected that Mr. Ramsik was being cross-examined; the court indicated Mr. Ramsik was not under oath, he was not being cross-examined, and the court was considering the information for the sentencing phase. Defense counsel did not offer any argument that the 2003 offense was unlike the 2013 offense, nor did counsel

4.

refute the characterization of the 2003 offense in the probation report or the prosecutor's sentencing brief. At the conclusion of the hearing, the trial court indicated it was going to again review the briefs, the recent statutory changes, and any new decisional authority, and the court would pronounce judgment at the next hearing, which was held on September 9, 2022.

At the September sentencing hearing, the trial court read the relevant portions of amended section 1385 and observed that it had discretion under section 1385 to strike the five-year enhancement under section 667(a) and the four-year enhancement under section 12022.5(a). The trial court concluded that only the mitigating circumstance articulated in section 1385(c)(2)(H) applied because the section 667(a) enhancement was based on a conviction that was more than five years old. While affording great weight to that mitigating circumstance, the court declined to dismiss the enhancement because the resulting shorter sentence would endanger public safety.

Despite the years between the prior and current convictions, the trial court found the two offenses to be "so eerily similar" the court found the time between the offenses had not provided any growth, maturity, reflection or meaningful change. In light of that finding, the court concluded dismissal of the section 667(a) enhancement would endanger public safety, and the court declined to exercise its discretion under section 1385 to do so.

The trial court imposed an aggregate term of 15 years. For assault with a firearm, the trial court imposed the middle term of three years, doubled for the strike prior, plus the middle term of four years for the section 12022.5(a) enhancement, plus five years for the section 667(a) enhancement. For the felon in possession of a firearm conviction, the trial court imposed the middle term of two years, doubled for the prior strike, and stayed the sentenced under section 654. Defendant now appeals.

# DISCUSSION

## I.    Striking the Firearm Enhancement Was Not Mandatory Under Section 1385(c)(2)(B)

Defendant argues the *shall be dismissed* language in section 1385(c)(2)(B) and (C) automatically mandates dismissal of an enhancement when either of these mitigating circumstances is present. Here, because two enhancements were alleged and found true, defendant argues section 1385(c)(2)(B) required the trial court to dismiss either the enhancement under section 667(a) or the enhancement under section 12022.5(a).

### A.    No Forfeiture of Mandatory Dismissal Claim

As an initial matter, the People contend defendant forfeited this claim because he did not argue below that section 1385(c)(2)(B) requires dismissal of one of the two enhancements.

"As a general rule, a criminal defendant who fails to object at trial to a purportedly erroneous ruling forfeits the right to challenge that ruling on appeal." (*People v. Anderson* (2020) 9 Cal.5th 946, 961.) There are exceptions to this rule, however, including for an unauthorized sentence. (*In re Sheena K.* (2007) 40 Cal.4th 875, 886.) "The unauthorized sentence doctrine is designed to provide relief from forfeiture for 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings.' [Citation.] It applies when the trial court has imposed a sentence that 'could not lawfully be imposed under any circumstance in the particular case.'" (*People v. Anderson, supra,* at p. 962.)

Defendant's claim that section 1385(c)(2)(B) mandates dismissal of one of the imposed enhancements is an assertion the sentence is unauthorized. If section 1385(c)(2)(B) obligates the trial court to dismiss one of the enhancements and the trial court failed to do so, then the resulting sentence imposing both enhancements was not one that could be legally imposed under any circumstance. This claim represents an

exception to the forfeiture doctrine, and we shall consider it.  (*People v. Anderson* (2023) 88 Cal.App.5th 233, 239, fn. 7 (*Anderson*), review granted Apr. 19, 2023, S278786.)

**B.      Applicable Law**

Pursuant to Senate Bill No. 81 (2021–2022 Reg. Sess.), section 1385(c) now provides in relevant part:

> "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so .…  [¶]  (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.  [¶] … [¶] (4) The circumstances listed in paragraph (2) are not exclusive and the court maintains authority to dismiss or strike an enhancement in accordance with subdivision (a)."  (§ 1385(c).)

The nine mitigating circumstances in subparagraphs (A) to (I) of section 1385(c)(2) provide as follows:

> "(A)    Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of Section 745.

> "(B)    Multiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement *shall be dismissed*.

> "(C)    The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement *shall be dismissed*.

> "(D)    The current offense is connected to mental illness.

> "(E)    The current offense is connected to prior victimization or childhood trauma.

> "(F)    The current offense is not a violent felony as defined in subdivision (c) of Section 667.5.

7.

"(G)   The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case.

"(H)   The enhancement is based on a prior conviction that is over five years old.

"(I)   Though a firearm was used in the current offense, it was inoperable or unloaded." (§ 1385(c)(2)(A)–(I), italics added.)

Multiple Courts of Appeal have interpreted section 1385(c)(2) and concluded the *shall be dismissed* language included in section 1385(c)(2)(B) and (C) does not *mandate* dismissal of any enhancements.  (*People v. Walker* (2022) 86 Cal.App.5th 386, 396–398, review granted Mar. 22, 2023, S278309[3] (*Walker*) [purpose of § 1385(c) is to give trial court discretion to dismiss enhancements]; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17–21 (*Lipscomb*) ["'shall be dismissed'" language in § 1385(c)(2)(C) does not require dismissal of an enhancement whenever a sentence over 20 years may result]; *Anderson, supra*, 88 Cal.App.5th at p. 239, review granted [language in § 1385 that trial court "'shall'" dismiss an enhancement is conditioned on finding dismissal is in the interest of justice];[4] *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294–297 (*Mendoza*) [court is not required to dismiss an enhancement under § 1385, subd. (c)(2)(C) if it would endanger public safety].)

As explained in *Walker*, section 1385(c)(2)(B)'s phrase "'all enhancements beyond a single enhancement shall be dismissed'" cannot be considered in isolation but

---

[3]   When the California Supreme Court granted review in *Walker*, it framed the issue to be briefed and argued as limited to the following:  "Does the amendment to Penal Code section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?"  (*People v. Walker*, S278309, Sup. Ct. Mins., Mar. 22, 2023 [2023 Cal. Lexis 1459] <https://supreme.courts.ca.gov/case-information/minutes> [as of Sept. 11, 2023].)

[4]   The petition for review in *Anderson* was granted, and the matter was deferred pending consideration and disposition of the issue presented in *Walker*.

must be considered in the context of the statute as a whole. (*Walker, supra*, 86 Cal.App.5th at pp. 396–397, review granted.) The phrase is "not a standalone mandate of section 1385." (*Id.* at p. 397.) Instead, it is listed among nine mitigating circumstances, which, under section 1385(c)(1) and (c)(2), are to weigh greatly in favor of dismissal as the court is exercising its discretion to determine whether dismissal is in the furtherance of justice. (*Walker, supra*, at p. 397.) "If we were to read the phrase appended to the multiple enhancements mitigating factor as *automatically* mandating dismissal of all but one enhancement whenever multiple enhancements exist, then the existence of multiple enhancements would not 'weigh greatly' in favor of dismissal—it would weigh *dispositively*. But that is not what the statute says, and we are not allowed to rewrite the statute." (*Ibid.*)

The court in *Lipscomb* similarly concluded that a trial court is not required to strike an enhancement under section 1385(c)(2)(C) where that mitigating circumstance is present. Like *Walker*, the *Lipscomb* court refused to read in isolation the *shall be dismissed* language in section 1385(c)(2)(C) and instead considered the statute as a whole. (*Lipscomb, supra*, 87 Cal.App.5th at p. 18.) The court pointed out the language in section 1385(c)(2)(C) had to be read in concert with section 1385(c)(2)'s identification of mitigating circumstances and its provision that the court is to exercise its *discretion* to dismiss an enhancement. As the trial court had expressly found dismissing the enhancement would endanger public safety, the trial court was not required to consider and afford great weight to the mitigating circumstance under section 1385(c)(2)(C). (*Lipscomb, supra*, at p. 18.)

*Anderson*, likewise, reasoned "the statement that a court 'shall' dismiss certain enhancements appears as a subpart to the general provision that a 'court shall dismiss an enhancement *if* it is in the furtherance of justice to do so.' (§ 1385, subd. (c)(1), italics added.) In other words, the dismissal of the enhancement is conditioned on a court's finding dismissal is in the interest of justice." (*Anderson, supra*, 88 Cal.App.5th at

p. 239, review granted.) The language, taken together, means that "the trial court has discretion to dismiss sentencing enhancements; certain circumstances weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal." (*Ibid.*) *Anderson* explained the *shall be dismissed* language in section 1385(c)(2)(B) means that "dismissal *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety." (*Anderson, supra*, at p. 240.)

*Mendoza*, too, concluded that the *shall be dismissed* language in section 1385(c)(2)(C) "applies only if the court does *not* find that dismissal of the enhancement would endanger public safety. That interpretation gives meaning to the language in section 1385(c)(2) requiring the court to consider whether dismissal 'would endanger public safety,' and it consequently avoids rendering that language surplusage." (*Mendoza, supra*, 88 Cal.App.5th at p. 296.)

### C.   Analysis

Defendant argues *Walker*, *Lipscomb*, *Anderson* and *Mendoza* were wrongly decided because their statutory analyses are flawed. Defendant contends the word "'shall'" is mandatory, plainly signaling dismissal of enhancements under section 1385(c)(2)(B) or (C) is *not* discretionary. Defendant also argues section 1385(c)(2) provides only general guidance, while section 1385(c)(2)(B) and (C) create a mandatory exception based on specific circumstances. Finally, defendant maintains the legislative history establishes the Legislature meant for dismissal of enhancements to be mandatory under section 1385(c)(2)(B) and (C).

In construing statutory language, a court's fundamental task "'is to determine the Legislature's intent to effectuate the law's purpose, giving the statutory language its plain and commonsense meaning. We examine that language, not in isolation, but in the

context of the statutory framework as a whole to discern its scope and purpose and to harmonize the various parts of the enactment. [Citation.] "If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." [Citation.] The wider historical circumstances of a law's enactment may assist in ascertaining legislative intent, supplying context for otherwise ambiguous language.'" (*People v. Prudholme* (2023) 14 Cal.5th 961, 975–976.)

We agree with *Walker*, *Lipscomb*, *Anderson* and *Mendoza* in their construction of the *shall be dismissed* language in section 1385(c)(2)(B) and (C). When this language is read in the context of the whole statute, dismissal of an enhancement is not mandatory when the circumstances under section 1385(c)(2)(B) or (C) are present. Defendant's contrary interpretation would strip the trial court of any power to weigh these two mitigating circumstances as required under section 1385(c)(2)—under defendant's interpretation, the presence of either one would *dispositively* require dismissal of one or more enhancements. (*Walker, supra*, 88 Cal.App.5th at p. 396, review granted.) And, it would negate the trial court's consideration of public safety or whether dismissal is in the furtherance of justice as required under section 1385(c)(1) and (c)(2). (See *Mendoza v. Nordstrom, Inc.* (2017) 2 Cal.5th 1074, 1087 [The Legislature "does not engage in idle acts, and no part of its enactments should be rendered surplusage if a construction is available that avoids doing so"].)

Defendant points to the rule of statutory construction that "a general statutory provision is controlled by one that is specific relating to a particular subject, the latter being treated as an exception to the former." (*People v. Superior Court* (*Cooper*) (2003) 114 Cal.App.4th 713, 719, citing *People v. Superior Court* (*Jimenez*) (2002) 28 Cal.4th 798, 808–809.) However, section 1385(c)(2) is not a general provision unrelated to the

dismissal of enhancements—rather, it gives specific direction about how the trial court is to weigh the mitigating circumstances identified in section 1385(c)(2)(A)–(I).  In doing so, section 1385(c)(2) explicitly refers to "subparagraphs (A) to (I)," and does not except subparagraphs (B) and (C) from this weighing assessment.  Defendant's proffered interpretation that subparagraphs (B) and (C) require dismissal of enhancements would not constitute exceptions to section 1385(c)(2), they would be direct contradictions.  This is not a reasonable construction of the statute.  (See *Siskiyou County Farm Bureau v. Department of Fish & Wildlife* (2015) 237 Cal.App.4th 411, 432 (*Siskiyou*) ["'An ambiguity arises only if "… there [is] more than on construction in issue which is semantically permissible, i.e., more than one usage which makes sense of the statutory language given the context and applicable rules of usage."'"].)

Further, all statutory interpretative presumptions are against a repeal by implication.  (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838.)  If the *shall be dismissed* language in section 1385(c)(2)(B) and (C) required automatic dismissal of enhancements, section 1385(c)(2) would impliedly repeal other statutes.  Specifically, if section 1385(c)(2)(C) mandatorily required dismissal of any enhancement resulting in a sentence of over 20 years, firearm enhancements under section 12022.53, subdivisions (c) and (d), which mandate sentences of 20 years determinate and 25 years to life, respectively, could no longer be imposed under any circumstance.  We must presume the Legislature did not intend to implicitly repeal these enhancement statutes.  (*Mendoza, supra*, 88 Cal.App.5th at p. 297.)

Defendant points out that while the Legislature amended section 1385 again in 2022 (Assem. Bill No. 200 (2021–2022 Reg. Sess.), it did not amend the *shall be dismissed* language in section 1385(c)(2)(B) or (C).  Further, defendant notes, Assembly Bill No. 931 was proposed during the Legislature's 2021–2022 regular session, which sought to remove the *shall be dismissed* language from section 1385(c)(2)(B) and (C), but

this proposed bill failed to pass.[5] Defendant maintains these circumstances indicate the Legislature intended the *shall be dismissed* language to be mandatory because it decided to retain the language despite a proposed bill seeking to remove it.

We are unpersuaded. Even assuming defendant's proffered interpretation of the statute is reasonable and presents an ambiguity such that resort to extrinsic interpretive aids such as legislative history is relevant, the Legislature may have elected not to amend the language in section 1385(c)(2)(B) and (C) for a variety of reasons. Its declination to do so is equally suggestive of an alternative assumption: it was satisfied the statute as a whole did not signal that dismissal of enhancements was mandatory under section 1385(c)(2)(B) and (C), and thus it concluded amendment of these provisions was unnecessary, including as proposed under Assembly Bill No. 931. (See *Siskiyou, supra*, 237 Cal.App.4th at p. 439 ["'[w]e rely on the legislative history of an ambiguous statute as dispositive only when that history is itself unambiguous'"].)

Moreover, if the statute were reasonably susceptible to two constructions, one being defendant's proffered interpretation and the other being that articulated by the Courts of Appeal identified above, we must adopt the construction that is reasonable and does not produce absurd consequences. (See *Merced Irrigation Dist. v. Superior Court* (2017) 7 Cal.App.5th 916, 925; accord, *People v. Jenkins* (1995) 10 Cal.4th 234, 246.) Section 1385(c)(2) specifically directs that the court is not required to dismiss an enhancement if it finds that dismissal would "endanger public safety." (§ 1385(c)(2).) Defendant's interpretation would require mandatory dismissal of one or more enhancements under section 1385(c)(2)(B) or (C) even if it endangered public safety to do so. This is at odds with the language of section 1385(c)(2), and it would lead to absurd results. (*Mendoza, supra*, 88 Cal.App.5th at p. 296 [mandatory dismissal without

---

**5** See <https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=202120220AB931> (as of Sept. 11 2023).

13.

considering public safety would require the sentencing court to endanger public safety, a result the Legislature could not have intended].)

Finally, defendant argues we must account for the rule of lenity. "'That rule generally requires that "ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation. But … 'that rule applies "only if two reasonable interpretations of the statute stand in relative equipoise." [Citation.]' [Citations.]" [Citations.]' [Citation.] 'The rule of lenity does not apply every time there are two or more reasonable interpretations of a penal statute. [Citation.] Rather, the rule applies "'only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule.'" [Citation.]'" (*People v. Nuckles* (2013) 56 Cal.4th 601, 611.) "Further, ambiguities are not interpreted in the defendant's favor if such an interpretation would provide an absurd result, or a result inconsistent with apparent legislative intent." (*People v. Cruz* (1996) 13 Cal.4th 764, 783.)

Again, even assuming defendant's interpretation of section 1385(c)(2)(B) and (C) is reasonable and signals an ambiguity, defendant's proffered construction is the less reasonable alternative. As already noted, defendant's interpretation of subparagraphs (B) and (C) would necessitate ignoring portions of section 1385(c)(1) and (c)(2), it would constitute an implicit repeal of other enhancement statutes, and it would obligate a trial court to dismiss enhancements even if it endangered public safety to do so. The rule of lenity does not apply in these circumstances.

In sum, section 1385(c)(2)(B) does not *mandate* dismissal of one enhancement found true by the jury, and the trial court did not err by declining to do so.

## II. Abuse of Discretion Arguments

Defendant argues that even if dismissal of an enhancement was not mandatory under section 1385(c)(2)(B), the trial court failed to give any weight to the presence of multiple enhancements under section 1385(c)(2)(B) as a mitigating circumstance, and it

failed to identify any countervailing considerations to overcome the rebuttable presumption of dismissal created by the presence of mitigating circumstances.

## A.    Forfeiture

The People argue that by failing to object on these grounds at the sentencing hearing, defendant has forfeited any argument the trial court abused its discretion by not dismissing an enhancement under section 1385(c)(2)(B) or that the trial court failed to adequately rebut a presumption that dismissal is in the furtherance of justice the mitigating factors purportedly created.

We agree.  A contention the trial court failed to dismiss an enhancement in the exercise of its discretion under section 1385(c)(2)(B) does not come within the unauthorized sentence doctrine.  (See *People v. Scott* (1994) 9 Cal.4th 331, 354 ["claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner"].)  Moreover, an objection on this ground could have been made but was not.  The 2021 amendments to section 1385 became effective January 1, 2022.  (Stats. 2021, ch. 721, § 1; § 1385(c)(7).)  The resentencing was continued several times and did not occur until September 2022.  The parties had ample opportunity to address how section 1385(c) should be applied, including articulating which mitigating circumstances identified in section 1382(c)(2)(A)–(I) should apply.  Defendant's sentencing brief states only that several mitigating factors under section 1385 would apply, but none were specifically identified.  When the court indicated at the September 2022 sentencing hearing that only the mitigating circumstance in section 1385(c)(2)(H) was applicable, the defendant should have objected and/or asked for consideration of any other factors he deemed applicable, but he did not do that.  (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208, fn. omitted ["[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct."].)

Finally, defendant's remaining arguments (that the presence of mitigating circumstances creates a rebuttable presumption that dismissing an enhancement is in the furtherance of justice, and that the trial court's public safety finding was not sufficiently supported to rebut that presumption) were not advanced at the time of sentencing. These do not present pure issues of law, and defendant had the ability to present these arguments to the trial court but did not do so.[6] The forfeiture doctrine is not to be avoided in these circumstances. "'"The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal."'" (*In re Seaton* (2004) 34 Cal.4th 193, 198; accord, *People v. Salazar* (2016) 63 Cal.4th 214, 240.)

## B.     Arguments Fail on the Merits

But even if we reach the merits, these arguments fail. Defendant relies on *Walker* to argue the presence of mitigating circumstances under section 1385(c)(2) creates a rebuttable presumption that dismissal of an enhancement is in the furtherance of justice. *Walker* reasoned that the great weight to be afforded to mitigating circumstances articulated in section 1385(c)(2) dictates "that trial courts are to rebuttably presume that dismissal of an enhancement is in the furtherance of justice (and that its dismissal is required) *unless* the court makes a finding that the resultingly shorter sentence due to dismissal 'would endanger public safety.'" (*Walker, supra*, 86 Cal.App.5th at p. 398, review granted.)[7]

---

[6]     Whether the statute contains a rebuttable presumption in favor of dismissal is a legal issue, but that would not resolve defendant's contention of error, which involves whether the public safety finding was sufficiently supported to rebut the purported presumption.

[7]     In *People v. Ortiz* (2023) 87 Cal.App.5th 1087, review granted April 12, 2023, S278894, the court expressly declined to adopt *Walker*'s "more formalistic reading of the provision" (*Ortiz, supra*, at p. 1098), reasoning that section 1385(c)(2) as ultimately enacted "reflects a legislative recognition

16.

However, even assuming arguendo that *Walker*'s construction of the statute is correct, the trial court may still decline to dismiss an enhancement if it finds doing so would endanger public safety. (§ 1385(c)(2) [presence of mitigating circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety"]; accord, *Walker, supra*, 86 Cal.App.5th at pp. 398–399.) Here, the trial court expressly concluded that shortening defendant's sentence by dismissing the section 667(a) enhancement would endanger public safety, which was sufficient to rebut any presumption in favor of dismissal under either section 1385(c)(2)(B) or (C).

Defendant's argument that the public safety finding was not sufficiently supported falls short. The similarity between the prior and the current offense was noted in the probation report, in the People's sentencing brief, and was discussed at the August 31, 2022, sentencing hearing that preceded the pronouncement of judgment on September 9, 2022. At the August hearing, the trial court was clearly concerned with the similarities between the prior and current offense, but defendant did not indicate there was any mischaracterization of his prior conviction. By September 9, 2022, when the trial court pronounced judgment, defendant had multiple opportunities to address this issue but did not do so. The probation report, the People's sentencing brief, and defendant's lack of objection thereto supplied the trial court with an adequate basis to rely on those documents and to conclude the prior and current offenses were notably similar. And, this similarity supplied a reasoned basis to conclude defendant posed a danger to public safety if his sentence was shortened.

---

that a trial court's exercise of sentencing discretion involves more than a strictly binary weighing of mitigation against public safety" (*Ortiz, supra*, at p. 1097). According to *Ortiz*, the ultimate question before the trial court is whether it is in the furtherance of justice to dismiss an enhancement that does not preclude a court from determining other facts beyond danger to the public may nonetheless neutralize even the great weight of the mitigating circumstance. (*Id.* at p. 1098.)

To the extent defendant argues dismissing an enhancement would not actually endanger public safety because defendant would still serve a 10- or 11-year term, a reasonable difference of opinion on this issue does not establish an abuse of discretion. (*People v. Clair* (1992) 2 Cal.4th 629, 655.)

## DISPOSITION

The judgment is affirmed.